[No. 12244. Department One. March 22, 1915.]

HENRY L. BUNCK et al., *Respondents*, v. ANGUS McAULAY et al., *Appellants.*[1]

FRAUD—MEASURE OF DAMAGES—EVIDENCE. In an action to recover damages for fraudulent representations by the vendor in the sale of a hotel lease and furniture for $18,500, the value of the property sold at the time of sale, as bearing on the measure of damages, was a question for the jury, where there was evidence which tended to show that the furniture, if new, would be worth about $8,500, but was worth much less at the time owing to its condition, that the lease extended for something over a year, and that there was no profit in the business, which was a losing venture at the time the sale was made.

SAME—FRAUDULENT REPRESENTATIONS—CURING ERRONEOUS INSTRUCTIONS. In an action for false representations, an instruction allowing recovery if the plaintiffs relied thereupon "or were expected so to do" in connection with an instruction just preceding it explicitly defining defendants' liability as dependent on representations made to plaintiffs "with intent to deceive them and to induce them to rely thereupon, and that plaintiffs did in fact rely thereon and were damaged;" and other instructions to the effect that fraud will not be presumed, etc., taken as a whole, sufficiently states the law with reference to the necessity of plaintiffs' reliance upon the representations.

[1]Reported in 147 Pac. 33.

Trial—Instructions—Comment on the Facts—Withdrawal of Issues. A charge to the jury stating that "defendants having made no counterclaim or charge," and withdrawing certain evidence thereon, etc., is not prejudicial as a comment on the facts or as withdrawing from the jury defendants' counterclaim or offset, when in fact no counterclaim was pleaded.

Pleading — Answer — General Issue — Counterclaim. It is not error to sustain a demurrer to an answer setting up affirmative matter admissible under the general denial, but which might have been properly pleaded as a counterclaim.

Fraud — Fraudulent Representations — Measure of Damages— Instructions. It is proper to instruct that the measure of damages for misrepresenting the value of property sold is the difference between the purchase price and its value at the time of the sale where it would have been worth the agreed price, if it had been as represented.

Appeal and Error — Verdict — Conclusiveness. Where the evidence, though conflicting, sustains the verdict, it will not be disturbed on appeal.

Trial—Improper Argument of Counsel. A remark by counsel in arguing to the jury that the attorneys on the other side dare not open up their client's record "since he came back from prison," while improper, was cured by the court's instruction to the jury to disregard the remark, the argument not being evidence, and that it was the duty of the jury to exercise the same degree of fairness and impartiality that they would expect from the court, if they as individuals were submitting their cases to the court.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered February 25, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for fraud. Affirmed.

*Milo A. Root* and *Gay & Kelleran*, for appellants.

*Ryan & Desmond*, for respondents.

Mount, J.—This action was brought by the purchasers of the lease and furniture of a hotel against the vendor for damages because of alleged fraudulent representations. The cause was tried to the court and a jury, and resulted in a verdict of $7,500 in favor of the plaintiffs. A judgment was

entered upon the verdict, from which judgment the appeal is prosecuted.

The defendants had owned the hotel lease and furniture since February, 1912. For some time prior to June 1, 1913, the plaintiff Henry L. Bunck had negotiated with the defendant Angus McAulay for the purchase of the lease and furniture of the hotel. About that date, the deal was consummated and the plaintiffs purchased at the agreed price of $18,500, which was paid as follows: The plaintiffs transferred a tract of land in Chehalis county to the defendants at a valuation of $4,000, paid $2,800 in cash, and gave a mortgage for $900 on another piece of property; they also gave back to the defendants a mortgage for $10,200 on the furniture in the hotel. They received a credit of $600 on account of commissions paid to the real estate agent who brought the parties together.

The plaintiffs allege in their complaint that they were wholly inexperienced in the hotel business, which the defendants well knew; that the defendant Angus McAulay fraudulently represented that the hotel had, for a long time, been earning a net income of over $1,000 per month; that there were a large number of transient guests; that the defendant Angus McAulay exhibited the register containing the names of the guests, and misrepresented the number of rooms rented to permanent guests, the amount of the rental received therefor, and that the guests would remain permanently in the hotel; that the representations were made to induce the plaintiffs to purchase, that they relied upon these representations, and had no opportunity to investigate or obtain knowledge thereof; that the hotel had not earned $1,000 net per month, nor any other sum, but had been operated at a loss; that the names on the hotel register so exhibited had been fraudulently and falsely placed thereon for the purpose of defrauding the plaintiffs; that many of the hotel guests were co-conspirators of the defendants, paid no rent, and kept their rooms for the purpose of defrauding the plaintiffs; that the real value of

the property was $8,300, whereby the defendants had been, and were, damaged in the sum of $10,200.

The defendants, in answer to the complaint, after denying generally the charges of fraud and overreaching, alleged affirmatively that the plaintiffs were to pay $2,800 in cash, $900 in a solvent real estate mortgage, transfer 80 acres of land represented by the plaintiffs to be worth $4,000, and which was in fact worth only $1,000, to execute the $10,200 mortgage described in the complaint, and to be allowed the said sum of $600 cash paid to the agent; that the plaintiffs made their own inquiries and relied thereon; that one Van Dusen was a part owner in the hotel by conveyance of an interest from the plaintiffs, and was therefore a necessary party; and that the plaintiffs negotiated a second mortgage to the Northern Bank & Trust Company of Seattle in the sum of $3,000.

A demurrer to this affirmative matter was sustained, for the reason that the facts therein stated might all be shown under a general denial. Whereupon the defendants filed an amended answer substantially the same as the original, except omitting the affirmative matter.

A number of errors are assigned which we will consider in the order as stated in the appellants' brief. In the instructions to the jury the court stated the measure of damages to be:

"The difference between the purchase price of said hotel and its value at the time of the sale."

It is conceded that the purchase price was sufficiently shown, for both parties agree that it was to be $18,500. But it is argued by the appellants that there was no proof of the actual value at that time. The evidence, however, tended to show that the value of the furniture in the hotel at that time, if new, would be worth about $8,500; but that in its condition at that time was worth much less than that sum. The evidence also tended to show that the lease upon the premises extended for a period of something more than a year, and also that

there was no profit in the business; that instead of making a profit, it was a losing venture at the time the sale was made. It is apparent, we think, that the jury was authorized to find upon this evidence, if they believed it to be true, that the value of the property sold to the plaintiffs was much less than the agreed price, which was based upon false and fraudulent representations relied upon by the plaintiffs. We are satisfied, therefore, that there was sufficient evidence to go to the jury upon the question of value at the time of sale.

The court instructed the jury as follows:

"The fact that the plaintiffs may or may not have given a chattel mortgage to the Northern Bank & Trust Company is immaterial and in no wise relieves him from the obligation to pay the purchase price of said hotel, nor does it relieve the defendants from their obligations to pay damages for any misrepresentations they, or either of them, may have made to plaintiffs, if you find from a fair preponderance of the evidence that the defendants made any misrepresentations and that the plaintiffs relied thereupon or were expected so to do by the defendants, and were damaged, then your verdict would be for the plaintiffs."

It is argued by the appellants that this instruction is erroneous because of the use of the words, "or were expected so to do." These words are singled out of this instruction. Standing alone, they might be considered erroneous. But the court had already just previously instructed the jury as follows:

"The court further instructs you that if you find from a fair preponderance of the evidence that the defendants made any representations to plaintiffs as alleged in the complaint with intent to deceive them and to induce them to rely thereupon and that plaintiffs did in fact rely thereon and were damaged, then and in that event the court instructs you that your judgment must be for the plaintiffs, . . ."

Taken as a whole, there can be no doubt that the court did not mean to tell the jury that they might find for the plaintiff if misrepresentations were made which were simply ex-

pected to be relied upon but which were not in fact relied upon. Taking all the instructions together, it is clear that the court instructed the jury that they must find that the misrepresentations were in fact relied upon.

It is further contended that this instruction is erroneous because it tells the jury that:

"If you find from a fair preponderance of the evidence that the defendants made any misrepresentations and that the plaintiffs relied thereupon or were expected so to do by the defendants, and were damaged, then your verdict would be for the plaintiffs."

But the court had previously instructed the jury that:

"Fraud will not be presumed and must be established by proof either direct or circumstantial; if by the latter, the circumstances relied upon must be such as to reasonably consist only with the intent to defraud and to be in some degree inconsistent with an honest intent. It cannot be established by strained inference, or rest upon conjecture.

"The court further instructs you that the plaintiffs in this case, before they are entitled to a verdict at your hands upon the ground of fraud inducing the making of a contract must establish such fraud by clear and convincing evidence."

And more to the same effect. We are satisfied that the objections to this instruction made by the appellants are without merit.

The court also instructed the jury as follows:

"The court further instructs you that the defendants, having made no counterclaim, or charge, that the plaintiffs have failed to keep their part of the bargain, I instruct you it is immaterial as to how or where the plaintiffs obtained the purchase price, and you are further instructed to disregard all testimony showing or tending to show that the plaintiffs borrowed any of the purchase price from any outsider, whether upon a chattel mortgage or otherwise."

It is claimed that this instruction is a comment upon the facts; and further, that it withdraws from the jury the defendants' counterclaim or offset. No counterclaim was in fact pleaded. It is true in the original answer there was a

statement to the effect that the plaintiffs "represented certain land to be worth $4,000, but which in truth and in fact was only worth $1,000, and no more." But this does not rise to the dignity of a counterclaim. It was not alleged nor claimed upon the trial that this difference in value, if true, should be offset against any damages which the plaintiffs were entitled to recover. The fact very clearly appears upon the evidence that the plaintiffs had never seen the land, and so stated to defendants before the trade, and made no representations as to what it was worth. There was evidence to the effect that the defendants had made an investigation of the tract of land, and took it at the estimated value of $4,000 after the examination. We are satisfied, therefore, that the court properly instructed the jury upon this question. The instruction was not a comment upon the facts. It simply excluded certain evidence from the consideration of the jury; and this exclusion, we think, was proper.

The appellants next argue that the court erred in sustaining the demurrer to the original answer. We have already in substance determined this question.

The appellants next argue that the court erroneously instructed the jury upon the measure of damages, as follows:

"In the event your verdict is for the plaintiffs, in determining the amount of damages they have suffered, if you find they have suffered damage, I instruct you that the measure of damages herein would be the difference between the purchase price of said hotel and its value at the time of the sale."

The appellants argue that this is not the correct measure of damages. They rely upon the rule as stated in *Hunt v. Allison*, 77 Wash. 58, 137 Pac. 322, where this court said:

"Where property is sold and the purchaser subsequently brings an action charging fraudulent representations, the measure of damages is the difference between the value of the property transferred at the time of the sale and what its value would have been if it had been as represented."

There is no substantial difference between the rule as stated in *Hunt v. Allison* and the one given in this case. The substance is the same. If the property had been as represented, its agreed value was $18,500. The difference between that sum and its real value at the time of sale was the measure of damages, and that is what the court told the jury.

The appellants next argue at length that the evidence is insufficient to sustain the verdict. We have read the abstract of the record with some care and conclude that there is sufficient evidence in the record to justify the jury in its finding that fraudulent representations were purposely made, and were relied upon by the plaintiffs in purchasing the property. This, of course, was a disputed question of fact. But there is ample evidence in the record, if believed by the jury, to justify the finding. It would serve no useful purpose to set the evidence out in this opinion.

During the argument to the jury the plaintiffs' attorney said:

"Defendants' attorneys dare not open up McAulay's record since he came back from prison."

An exception was taken to this remark. The court thereupon instructed the jury to disregard the remark, and told the jury in substance that the argument of counsel was not evidence and when not supported by the evidence should be disregarded; that it was the duty of the jury to exercise the same degree of fairness and impartiality that they would expect from the court if they as individuals were submitting their cases to the court. During the progress of the trial, it was shown without objection that the defendant McAulay had served a term in the penitentiary of this state, and had been pardoned therefrom. While the remark of counsel may have been improper, we are satisfied that when the court instructed the jury as it did to disregard the remark and not to consider remarks of that character, whatever error was made by counsel was cured by the court. We think no prejudice could have resulted therefrom.

The other errors assigned we think are not of sufficient moment to justify further consideration. The instructions given by the court were fair and fully covered the questions involved, and were, we think, correct statements of the law. We find no prejudicial error in the record, and the judgment is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.