[No. 12973.  Department Two.  January 20, 1916.]

THE STATE OF WASHINGTON, *Respondent*, v.

TONY CAVELERO, *Appellant*.[1]

CRIMINAL LAW—TRIAL—MISCONDUCT OF COUNSEL—PREJUDICE. The statement of the prosecuting attorney that a witness for the state whose name was indorsed on the information was out of the state, and if the truth were known, the accused knows of her whereabouts and why she was not present, is not so prejudicial that it was not cured by the court's immediately instructing the jury to disregard it.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 13, 1915, upon a trial and conviction of giving whiskey to a minor.  Affirmed.

*Coleman & Fogarty*, for appellant.

*O. T. Webb* and *Percy Gardiner*, for respondent.

PARKER, J.—The defendant, Tony Cavelero, was convicted in the superior court for Snohomish county of the commis-

[1]Reported in 154 Pac. 435.

sion of a misdemeanor, and has appealed to this court from the judgment rendered against him thereon.

Contention is made in appellant's behalf that his rights were prejudiced upon the trial by remarks made by the prosecuting attorney in his argument to the jury as follows:

"Members of the jury, you will notice that the name of Mabel Pixley is endorsed upon the information as one of the state's witnesses. You will also remember that she was not called as a witness for the reason that she is now out of the state, and, if the truth were known, the defendant knows of her whereabouts and why she was not present at the trial."

The trial judge immediately, at the request of appellant's counsel, instructed the jury to disregard these remarks. We do not by any means commend the making of these remarks in argument by the prosecuting attorney as proper. We do not think, however, that they were so palpably prejudicial to the rights of appellant that the error in making them could not be cured by a proper instruction of the court, timely given, as was done in this case. We think that these remarks constituted no greater impropriety on the part of the prosecuting attorney than those considered by us in *Bunck v. McAulay*, 84 Wash. 473, 147 Pac. 33, and which we held were not such as to call for a new trial, in view of the court's instruction to the jury to disregard them.

The judgment is affirmed.

MORRIS, C. J., BAUSMAN, HOLCOMB, and MAIN, JJ., concur.