[No. 12949.  Department Two.  March 9, 1916.]

## THE STATE OF WASHINGTON, *Respondent*, v. E. F. ACKERMAN, *Appellant*.[1]

CRIMINAL LAW—TRIAL—MISCONDUCT OF ATTORNEY—CURE BY INSTRUCTIONS. In a prosecution for the forgery of a check connected with pay rolls said to be in the possession of the defendant and which were not produced, the declaration of the prosecuting attorney in argument to the jury that the pay rolls would have "convicted the accused absolutely," while improper, is not so prejudicial that it was not cured by an immediate instruction to the jury to disregard the remarks and warning the prosecutor to keep within the record.

Appeal from a judgment of the superior court for King county, French, J., entered December 2, 1914, upon a trial and conviction of forgery. Affirmed.

*H. M. Dalton,* for appellant.

*Alfred H. Lundin* and *Joseph A. Barto,* for respondent.

PARKER, J.—The defendant, E. F. Ackerman, was charged by information with the crime of forgery in the first degree. His trial in the superior court resulted in a verdict of guilty, and judgment being rendered thereon, he has appealed to this court.

It is contended in appellant's behalf that prejudicial error was committed against him by the prosecuting attorney in his argument to the jury. Appellant was charged with the uttering of a false and forged check which had some connection with certain pay rolls. Certain of these pay rolls were referred to by one of appellant's witnesses as being in possession of appellant, but these particular ones were not pro-

[1]Reported in 155 Pac. 743.

duced upon the trial. In his argument to the jury, the prosecuting attorney said: "These pay rolls were not produced, and if they had been produced they would have convicted defendant absolutely." Counsel for defendant immediately objected to these remarks of the prosecuting attorney, and the court promptly ruled thereon as follows: "Counsel is warned to keep within the record, and the jury is instructed to disregard and pay no attention to the remarks of counsel." These remarks of the prosecuting attorney seem to have been improper, but we do not think that they were such that their prejudicial effect was beyond cure by the instruction of the court relative thereto, which was promptly given to the jury. *Bunck v. McAulay,* 84 Wash. 473, 147 Pac. 33; *State v. Cavelero,* 89 Wash. 364, 154 Pac. 435.

Some contention is made in appellant's behalf rested upon remarks of the court made in the presence of the jury just prior to the receiving of the verdict by the court. These remarks, we regard so plainly free from error as to not call for discussion here.

We conclude that no prejudicial error is shown. The judgment is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and BAUSMAN, JJ., concur.