[No. 16033.   Department Two.   January 14, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.
ROY McDERMOTT, *Appellant*.[1]

BURGLARY (19)—EVIDENCE—SUFFICIENCY—FELONIOUS INTENT ON
ENTRY.   In a prosecution for burglary, there was sufficient evidence
of entry with intent to commit the crime of contributing to the
delinquency of a female under the age of eighteen years, where it
appears that accused, after being ordered from a hotel at night,
reentered by the fire escape, gained access to a room occupied by a
girl seventeen years of age, and was found there with others, who
were drunk, and that accused had been drinking.

CRIMINAL LAW (244)—TRIAL—MISCONDUCT OF ATTORNEY—CORREC-
TION BY COURT.   Error cannot be predicated upon misconduct of the
prosecuting attorney in his closing address, where, upon exceptions
taken, the trial court instructed the jury to disregard any state-
ment which was not borne out by the evidence.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered July 15, 1919,
upon a trial and conviction of burglary.   Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

MAIN, J.—The defendant was charged by informa-
tion with the crime of burglary in the first degree.
The trial resulted in a verdict of guilty as charged.
From the judgment entered upon the verdict, the de-
fendant appeals.   In submitting the cause to the jury,
the trial court, in the instructions, defined the crime
of burglary in the first degree and stated what must
be found before a verdict of guilty could be returned.
The jury were also told that, if the defendant had
entered the building and room where the crime is
claimed to have been committed with intent to give a
woman under eighteen years of age intoxicating liquor

[1]Reported in 194 Pac. 780.

or encourage her in the use of that liquor or if he entered with the intention of occupying a bed with her, this would be contributing to the delinquency of a female under eighteen years of age, and therefore a crime. No exception was taken to the instructions. It is not claimed that the law was not therein correctly stated.

The appellant's first point is that there is no evidence showing the commission of a crime or an intent to commit a crime. While the evidence was in dispute upon some, at least, of the material questions, the jury were justified in believing that the facts supported by competent evidence were substantially as follows: On the evening of April 27, 1919, a young woman, then seventeen years of age, registered at a reputable hotel in the city of Everett and was assigned a room. The appellant had become acquainted with this young woman three or four days before. During the evening, or night, the appellant was observed about the hotel by the night clerk and was then thought to be a guest therein. At about four o'clock on the morning of the 28th, the appellant, with two other men, entered the hotel and started up the stairway when they were accosted by the night clerk and directed to leave the place. Shortly after this, they entered the hotel by means of the fire escape, passing through a window into one of the halls, from which they entered the room occupied by the young woman. At about five o'clock in the morning, they were discovered in this room and the night clerk called the police to cause them to be ejected from the hotel. When the police officers entered the room, the young woman was in or on the bed, the two men other than the appellant were about the room and the appellant was in the closet clothed only in his "B.V.D.'s," as the evidence states. There was a whiskey bottle in the room prac-

tically empty. The evidence is that the two men other than the appellant were drunk, that the woman was dead drunk, and that the appellant had been drinking. From this evidence, the jury had a right to conclude that the defendant, together with the other men, entered the room for the purpose of committing a crime therein, to wit: contributing to the delinquency of the female child under the age of eighteen years.

The second point is that the attorney for the state, in his closing address to the jury, was guilty of misconduct. In stating the exceptions, reference was made to certain language. This language does not appear otherwise in the record than as is stated in the exceptions. Accepting the facts to be as stated, there was no prejudicial error. When the matter was called to the attention of the trial court, the jury were instructed to disregard any statement made by counsel which was not borne out by evidence. The question as to whether the defendant entered the hotel and room for the purpose of committing crime therein was squarely presented to the jury by the instructions, and the evidence, if believed by the jury, was sufficient to sustain the verdict.

The judgment will be affirmed.

HOLCOMB, MOUNT, MITCHELL, and TOLMAN, JJ., concur.