[No. 17204.  Department One.  June 26, 1922.]

THE STATE OF WASHINGTON, *Appellant,* v. O. S. LARSON, *Respondent.*[1]

BANKS (4-1)—INDICTMENT AND INFORMATION (74)—DUPLICITY. An information charging that a bank officer did, on a certain day accept, receive, consent to "and" connive at the reception of a certain deposit, knowing that the bank was insolvent, is not bad for duplicity, as but one crime is charged, which may be accomplished by different means, although the statute uses the disjunctive "or."

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered December 23, 1921, upon sustaining a demurrer to the information, dismissing a prosecution for receiving deposits in an insolvent bank. Reversed.

[1]Reported in 207 Pac. 1052.

*J. W. Selden* and *J. A. Sorley,* for appellant.

*Tucker & Hyland* and *Hayden, Langhorne & Metzger,* for respondent.

MITCHELL, J.—An information was filed in the superior court charging O. S. Larson substantially as follows: That on or about January 15, 1921, he was president and one of the directors of the Scandinavian American Bank of Tacoma, a corporation engaged in a general banking business, and as such president he personally conducted the general management of the bank, and did then and there, as such president, accept, receive, consent to and connive at the reception of a certain deposit of $1,409 from George Chapman, by his agent W. H. Reed; that the money so deposited was lawful money of the United States, and that the defendant then and there knew, and had good reason to believe, that the bank was at that time unsafe and insolvent.

Upon arraignment, the defendant demurred to the information on the grounds (1) that it did not substantially conform to the requirement of § 2059, Rem. Compiled Statutes which provides that "The.... information must charge but one crime, and in one form only," (2) that more than one crime is charged, and (3) that the facts set forth in the information do not constitute a crime. The demurrer was sustained. The state, electing to stand upon the information as drawn, has appealed from the judgment dismissing the action.

It appears that the information is founded on § 388, p. 1010, ch. 249, Laws of 1909, commonly known as the criminal code, § 2640, Rem. Compiled Statutes. The section provides against one "who shall accept or receive, . . . any deposit, or who shall consent thereto or connive thereat," and because § 81, p. 307, ch. 80, Laws of 1917 (Rem. Comp. Stat., § 3288) in dealing with the

same subject-matter omits the words ''or who shall consent thereto or connive thereat,'' and because these words are used in the information, considerable argument has been indulged in by both parties as to whether or not the act of 1917 has by implication repealed the former law, § 2640, Rem. Comp. Stat. But, since, the information states a cause of action under either of the statutes, we do not feel called upon, in considering the general demurrer, to decide this feature of the controversy, that is, whether or not the later act repeals the former by implication. Nor is a decision thereon necessary for the disposition of the other causes of demurrer, according to the conclusion we have reached thereon.

However, it is contended by the respondent that, if it be assumed § 2640, Rem. Compiled Statutes, has not been repealed, the information is bad for duplicity. That is, because it is charged that the respondent, as president of the bank, did accept, receive, *consent to and connive at* the receipt of the deposit, that he is thereby accused of more than one crime. Attention is called by the respondent to the cases of *State v. Dodd*, 84 Wash. 436, 147 Pac. 9, and *Todd v. State*, 89 Tex. Cr. 99, 229 S. W. 515, in support of that contention. An examination of those cases shows that in each the defendant was accused of two or more transactions each of which constituted a completed crime, and each of which had no readily perceived connection with the other transaction or transactions with which the defendant was charged. If the statute on which this case rests provided that one should not accept or receive a deposit, and further provided that one should not solicit a deposit, whether it was received by the bank or not, an information charging all of such things would be vulnerable to the claim of duplicity. It would charge more than one crime, each of which

would consist of different elements. It is not so in this case. The statute covers but one crime. Different states have more or less different statutes upon this subject, but, "As a general rule there are in common with all the statutes three elements necessary to the offense: (1) insolvency at the time the deposit was received, (2) knowledge of the insolvency, and (3) the receipt of a deposit." 3 R. C. L. 490, § 117. There is no crime in this kind of a case without the receipt of the deposit, and whether the one accused shall accept or receive the deposit, or consent thereto or connive thereat, the crime and punishment are the same. Those are but ways or means by which the crime may be committed.

In the case of *State v. Holedger,* 15 Wash. 443, 46 Pac. 652, the rule given in 1 Bishop's Criminal Procedure (3d ed.), § 586, was approved. That rule is as follows:

"If a statute makes it a crime to do this, or that, or that, mentioning several things disjunctively, all may indeed, in general, be charged in a single count; but it must use the conjunctive 'and' where 'or' occurs in the statute, else it will be defective as being uncertain. All are but one offense, laid as committed in different ways. And proof of it in any one of the ways will sustain the allegation. On the other hand, the indictment may equally well charge what comes within a single clause of the statute, and still it embraces the complete proportions of an offence."

The rule is adhered to and announced in the later cases of *State v. Newton,* 29 Wash. 373, 70 Pac. 31, and *State v. Pettit,* 74 Wash. 510, 133 Pac. 1014. To the same effect see: 29 Cyc. 379-380; Wharton's Criminal Pleading and Practice (9th ed.), § 251.

The crime charged against the respondent is of statutory origin, and in the charging part of the information the words of the statute have been pursued,

using the connective word "and" where "or" occurs in the statute, according to the rule approved by the authorities. All of the ways or means enumerated in the information and charged upon the respondent have reference to the same time and place and to the same transaction, viz: On or about January 15, 1921, in Tacoma, Pierce county, Washington, and the deposit of $1,409 from George Chapman, by and through his agent W. H. Reed. We conclude that the information is well within the requirements of good pleading and that the demurrer to it should have been overruled.

Reversed, and remanded with instructions to overrule the demurrer.

PARKER, C. J., FULLERTON, TOLMAN, and BRIDGES, JJ., concur.