[No. 18114.   Department One.   May 5, 1924.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGINA
WESTON, *Appellant*.[1]

INTOXICATING LIQUORS (42)—OFFENSES—JOINTIST—INFORMATION
—SUFFICIENCY.   An information charging the crime of being a
jointist by "conducting and maintaining" a place for the unlawful
sale of intoxicating liquors is not duplicitous, as the two words
are either synonymous or designate different ways of committing
the same offense.

SAME (51)—JOINTIST—"CONDUCT AND MAINTAIN" PLACE—INSTRUC-
TIONS.   In a prosecution for being a jointist it is not necessary to
give instructions defining the words "conducting and maintaining"
since they are commonly understood by all.

SAME (49)—EVIDENCE—ADMISSIBILITY.   It is not error, in a
jointist case, to exclude a plat and deed of the premises, where it
was not connected up with the place where the offense was com-
mitted and there was no offer to show that the grantee in the deed
had exclusive possession.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered March 12, 1923,
upon a trial and conviction of being a jointist. Af-
firmed.

*John M. Gleeson* and *A. G. Gray*, for appellant.

*Chas. H. Leavy, Louis F. Bunge*, and *Edward M.
Connelly*, for respondent.

TOLMAN, J.—Appellant was informed against, tried
and convicted of the crime of being a jointist. She ap-
peals from the judgment and sentence.

The information charges: ". . . did then and
there wilfully, unlawfully and feloniously conduct and
maintain a place for the unlawful sale of intoxicating
liquor. . . ."

The first contention seems to be that the information
charged two offenses:  That conducting such a place

[1]Reported in 225 Pac. 411.

is one offense; and maintaining it is another separate and distinct offense. We have upheld similar informations in *State v. Burgess,* 111 Wash. 537, 191 Pac. 635; *State v. Greenwald,* 116 Wash. 463, 199 Pac. 730; and *State v. Malanca,* 121 Wash. 128, 208 Pac. 258, though in none of these cases is the exact point here raised discussed. There seems to be two possible answers to appellant's argument: First, the meaning of the two words as used in the statute and in the information is synonymous. While, by technical definition, they may differ slightly, yet in common use, as applied to the present situation, they mean the same thing; or second, if that be not so, then the two words designated different ways of committing the same offense, and assuming the last answer to be the sound one, what was said in *State v. Baird,* 128 Wash. 166, 222 Pac. 218, and *State v. Larson,* 120 Wash. 559, 207 Pac. 1052, is decisive of this point. So, also, the *Larson* case just cited is conclusive of appellant's second contention, that the information is faulty because not stating the particular act which the state relies upon as constituting conducting and maintaining.

It is next contended that the court, in its instructions to the jury, failed and refused to define the meaning of the word "conduct" and the word "maintain;" but we think these words are of such common use that they define themselves, and any attempt to make more plain that which is commonly understood by all would result in obscuring rather than in defining, and we are content with the rule laid down in *State v. Manderville,* 37 Wash. 365, 79 Pac. 977.

It is finally contended that the trial court erred in refusing to admit in evidence a certain plat and deed. Perhaps these might have been admissible if properly connected up with the place where the offense was alleged to have been committed, and by an offer to show

that the grantee named in the deed had exclusive possession; but the mere fact that another held the legal title and had been in possession would not tend to show that appellant was not there conducting and maintaining a place for the unlawful sale of intoxicating liquor. We find no basis in the record for the admission of these documents.

The judgment appealed from is affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.