[No. 18093. Department One. January 10, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN R. CROWDER, *Appellant.*[1]

CRIMINAL LAW (244)—TRIAL—MISCONDUCT OF COUNSEL—CORRECTION BY COURT. Misconduct of the prosecuting attorney in stating that the accused had been convicted upon a former trial is cured by the court's immediately instructing the jury to disregard it.

SAME (238)—TRIAL—CONDUCT OF COUNSEL—ARGUMENT—WAIVER OF RIGHTS. Where the accused testified on his own behalf, he waives his constitutional immunity from testifying, and it is not error for the prosecuting attorney to comment on the fact that he did not deny certain facts.

SAME (216)—TRIAL—CONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment for the court, in a prosecution for statutory rape, to state that there is evidence as to the accused's being a married man, where it was in the way of an explanation and

[1]Reported in 231 Pac. 930.

answer to the objection of counsel, and for the purpose of calling attention to the fact that the objection was too broad and giving an opportunity to make the same more specific.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered October 14, 1922, upon a trial and conviction of rape. Affirmed.

*Philip Tworoger,* for appellant.

*Warren J. Gilbert* and *Walter H. Hodge,* for respondent.

PEMBERTON, J.—The appellant was convicted by a jury of the crime of carnally knowing a female child under the age of eighteen years. From a judgment entered upon the verdict, this appeal is taken.

This case was first tried on February 14, 1921, resulting in a conviction, and upon appeal to this court the judgment was reversed. A statement of the facts in controversy in the former appeal is found in the case of *State v. Crowder,* 119 Wash. 450, 205 Pac. 850.

Appellant first insists that the trial court erred in overruling a motion for a new trial. It is the claim of appellant that it was prejudicial error for the county attorney in his argument to the jury to tell the jury that appellant was the father of the child of the prosecuting witness and that appellant had been found guilty by a previous jury. The attorney for appellant made the following objection:

"We object to the statement of Mr. Brickey (prosecuting attorney) before this jury that the previous jury found Mr. Crowder guilty. We ask that the jury be instructed to disregard it."

The trial court immediately gave the following instruction:

"I will instruct this jury at the present time it is no concern of yours what the previous jury did. You are sitting to try it now. The verdict you are called upon

to decide is based upon your verdict and not what some other jury has done."

It is claimed that the mere fact that the trial court directed the jury to disregard the statement of the county attorney did not cure this error. Appellant relies on the case of *State v. Carter,* 8 Wash. 272, 36 Pac. 29, and *State v. Winnett,* 48 Wash. 93, 92 Pac. 904.

We find that there was testimony to the effect that appellant admitted that the child in question was his child. Therefore it was proper for the county attorney to make mention of this fact in his argument to the jury. Upon the request of appellant, the trial court directed the jury to disregard the statement that appellant had been convicted at a former trial, and the error, if any, was cured by this instruction. *State v. McDermott,* 114 Wash. 123, 194 Pac. 780; *State v. Ackerman,* 90 Wash. 198, 155 Pac. 743; *State v. Cavelero,* 89 Wash. 364, 154 Pac. 435; *State v. Weston,* 129 Wash. 507, 225 Pac. 411.

Appellant entered the following exception:

"The defendant excepts to the statement made by the prosecuting attorney in argument of the case to the jury, wherein he said the defendant has not denied it today, that he is the father of the child of the complaining witness."

Appellant presented himself as a witness in the case, and in doing so he waived all of his constitutional privileges with reference to testifying and subjected himself to the rules applying to other witnesses in the case, and this statement of the county attorney in his argument that appellant failed to deny, when on the witness stand, that he was the father of the child, was proper argument. *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Ulsemer,* 24 Wash. 657, 64 Pac. 800; *State v. Adamo,* 128 Wash. 419, 223 Pac. 9.

The appellant claims that the court erred by commenting upon the evidence in giving certain instructions to the jury. The objection of appellant was as follows:

"For the purpose of the record, we wish to except to any statement that Mr. Crowder was a man of family and had a child. There is not one word of evidence to that effect. I ask that the jury be instructed to disregard this remark made by the prosecutor."

"The Court: There is no evidence as to the child. There is as to him being a married man. You will find in the written instructions, ladies and gentlemen, an instruction to the effect that you are only to be guided by the evidence in the case and the deductions you may draw from the evidence; that you are not to allow any evidence which has been stricken; that stricken testimony is not in the record so far as your deliberations are concerned. Any statements they may have made not in the form of evidence by counsel is not based upon evidence in the case, or if you should believe it is a statement without foundation whatever from the evidence then you are to disregard such statements made by counsel. There have been some exceptions taken during the argument of counsel. I am making this statement to you now so that if it was not called to your attention at the time specifically, I want to impress upon you now, you are only to make up your verdict from the evidence in the case and disregard statements made if those facts do not support the evidence."

Appellant further excepted:

"We want an exception in connection with the statement of the court bearing upon the argument of counsel with reference to the defendant being a married man and having a family; the comments of the court in ruling upon that matter was a comment upon the evidence and is contrary to the constitutional provision to which we except."

"The Court: First, an exception was taken by counsel Mr. Welts, in which he excepted to the statement of the prosecuting attorney to the effect that the defend-

ant was a married man and had a child. The comment made by the court was only to the effect of calling Mr. Welt's attention to the fact his exception was too broad in that there was testimony to the effect that the defendant was a married man, and intending to give counsel the opportunity to take and make his objection or exceptions more specific and ask the court to instruct the jury that the statement to the effect that he had a child should not be considered or have any effect whatever upon the verdict in the case, but no further exception was made by Mr. Welts at that time. During the argument the other counsel, Mr. Joiner, approached the bench and suggested to the court he would like to make his exception a little more definite and specific in case it was not broad enough. Without interruption of Mr. Brickey this last exception was in furtherance of that.''

The statement of the court that there was no evidence as to the child, but there was as to defendant being a married man, was in the way of explanation and in answer to the objection of counsel for appellant, and was made for the purpose of calling the attention of counsel to the fact that his objection was too broad and that it should be made more specific. This correction was made and the instruction given to the jury accordingly. It would appear that ''the court was merely giving the reasons for his rulings, and such cannot be considered a comment upon the testimony within the prohibition of the constitution.'' *State v. Adamo, supra; State v. Whitfield,* 129 Wash. 134, 224 Pac. 559; *State v. Hughlett,* 124 Wash. 366, 214 Pac. 841; *State v. Smith,* 127 Wash. 588, 221 Pac. 603.

The objections to the other instructions of the court were made at the former trial and were found against the appellant, having been disposed of as follows: ''The other assignments of error have been considered, but deeming them not well taken, we do not consider it necessary to discuss them.'' *State v. Crowder, supra.*

There being no prejudicial error, the judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and BRIDGES, JJ., concur.