[No. 25727. Department One. September 24, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN THOMAS, *alias Tom Anderson, Appellant.*[1]

*Clarence L. Gere,* for appellant.

*Warren G. Magnuson (Theodore S. Turner,* of counsel), for respondent.

GERAGHTY, J.—The appellant, with Earl Davelaar, was charged with the crime of robbery. Davelaar

[1] Reported in 49 P. (2d) 28.

having pleaded guilty, the appellant was tried alone. The jury returned a verdict of guilty, and from a judgment entered thereon, this appeal was taken.

The sole witness to the robbery was Sam Poliak, who conducts a men's furnishing store in Seattle. He testified that, on the morning of the robbery, between eight and nine o'clock, two men, whom he identified as the appellant and Davelaar, entered his store and purchased two pair of men's sox; that, after they started to leave the store, they turned, and the defendant pointed what he thought was a revolver in his direction, the object, whatever it was, being covered with a cloth or handkerchief. He also saw what he thought was a belt and holster. That, when the appellant pointed the object at him, he put up his hands, but was ordered by appellant to put them down. Davelaar then went back of the counter and took twelve dollars from the cash register; that the defendants then left the store.

Police officers of the city of Seattle testified that, on hearing of the robbery, they went to the store and questioned Poliak. They learned that a barber near the place of the robbery had seen a taxicab and two young men leave the store. They found the driver of the taxicab and traced defendants to the Iola Apartments, and from there to the Lake View Hotel. When they arrived at the hotel, the landlady informed them of the room the men had rented. They found the room empty, and, looking over the transom and seeing clothes in the room, they entered and found a revolver in the dresser drawer. They left the revolver in the room until Davelaar returned. Later, the appellant was arrested and brought to the room. The officers took the prisoners to police headquarters, together with the clothing and revolver.

The court overruled appellant's objection to

the introduction of the revolver, on the ground that the search of his room was illegal, in that no search warrant had been issued. The arrest of the appellant and Davelaar by the officers was justified. The officers had been informed that a felony had been committed and had reason to suspect appellant and Davelaar. The arrest being lawful, the officers had a right to take possession of any personal effects of the accused deemed necessary as evidence, and the subsequent introduction of these articles in evidence at the trial was not error. *State v. Britton,* 137 Wash. 360, 242 Pac. 377, 247 Pac. 9.

The circumstances under which the police officers entered the room prior to the arrest of appellant and his co-defendant are not very definitely set out in the statement of facts. The officer testified that he looked over the transom and entered the room. The appellant contends he broke into the room. We are here concerned with what took place after the arrest. The officer took possession of the revolver and effects at the time of the arrest.

"But were it the fact that the search had been made without the consent of the appellant, we are not willing to hold that the search of his room was unlawful, or the evidence obtained by the search inadmissible. A heinous crime had been committed. The appellant was under arrest as the perpetrator of the crime. There was then in the possession of the officers making the arrest persuasive evidence tending to show that the appellant was guilty of the crime. In so far as our examination of the cases has extended, all of the cases hold, even those which adhere most strictly to the rule that evidence obtained by an unlawful search is inadmissible as evidence, that, where the accused is arrested in his home, or place of residence, a search of the home or place of residence may be lawfully made for evidence of his guilt. In this instance, the defendant was on his way to his

place of residence when arrested, and the fact that he was caught before he reached the place ought not to require the application of a different rule.'' *State v. Evans,* 145 Wash. 4, 258 Pac. 845.

Error is also assigned upon the introduction in evidence of two pair of sox worn by the defendants at their arrest and taken by the police officers. These sox were identified by Poliak as the ones purchased at his store by the accused at the time of the robbery. What we have said with respect to the introduction of the revolver is equally applicable to the introduction of the sox. They were a vital link in the chain of evidence identifying the accused as the men who had committed the robbery.

The appellant invokes Rem. Rev. Stat., § 2240-1 [P. C. § 9358-1]. This statute makes it unlawful for police officers to enter and search a private dwelling without the authority of a search warrant issued upon a complaint as by law provided. The statute, of course, has no application to a search made as incident to a lawful arrest.

In *State v. Much,* 156 Wash. 403, 287 Pac. 57, where the defendant was charged with murder, officers went to his home and, digging in his yard, found letters and money which were introduced in evidence against him at the trial. It was contended that these articles should not be received in evidence, for the reason that they were procured by the officers without authority of a search warrant, in contravention of his constitutional right. Commenting upon this contention, the court said:

''It is contended by appellant that these articles should not have been received in evidence for the reason that they were procured by the officers without the authority of a search warrant in contravention of his constitutional rights, both under the Federal and state constitutions.

"No statute has been cited, and we can find none, in this state authorizing the issuance of search warrants for the evidence of the instruments of a murder. Several statutes exist providing for and requiring search warrants for the search and seizure of intoxicating liquor, stolen goods, counterfeit coin, gaming apparatus and the like, but none conferring jurisdiction upon any magistrate to issue search warrants, the subject-matter of which is the evidence or instruments of murder. There were circumstances indicating the guilt of appellant at the time of his arrest, and the searches were made by the officers after the arrest.

"It is only unreasonable searches and seizures, without probable cause, that are forbidden. *Carroll v. United States,* 267 U. S. 132. That the searches, having been made upon probable cause, uncovered more and convincing evidence of the guilty connection of appellant with the heinous crime, is his misfortune; but it in no wise renders the evidence, so discovered, incompetent."

We think the court properly permitted the introduction of the revolver and sox.

The appellant complains of the admission of the testimony of police officers in relation to confessions made by himself and Davelaar, the specific objection being that the confession made by Davelaar on his examination was used in evidence against appellant. It appears that, after the accused were taken to police headquarters, they were first examined separately and then together. Davelaar was first examined and made a confession in the absence of appellant, and then appellant was questioned and Davelaar's confession repeated to him. This he admitted to be correct. Then both were examined together and admitted the crime. Of course, the admission by appellant of the truth of Davelaar's statements, repeated to him in detail, had the force of a like confession by himself. We think the assignments based

upon the reception of this testimony are without merit.

The appellant assigns misconduct upon the part of the prosecuting attorney. A witness for appellant, testifying to an alibi for him, said that she had known him for more than a year prior to the robbery, when he was living in Seattle. Upon cross-examination by the prosecuting attorney, this witness was asked if the appellant was not actually at Monroe during that period. Counsel for the appellant objected to this question, upon the ground that it was an attempt to show a former conviction, and moved for a mistrial, which was denied. The state argues that, the reference being to Monroe and not to the Monroe reformatory, it would be presumed that the town of Monroe was referred to.

It is very likely the jury knew that the institution, rather than the town, was meant. However, we think that, under the circumstances, the appellant was not prejudiced by this question. The record does not disclose that it was answered, and the appellant did not request the court to charge the jury to disregard it.

It is next objected that the prosecuting attorney in his argument to the jury referred to Davelaar as "another robber." On objection, the court instructed the jury to disregard the comment. The information charged both appellant and Davelaar with robbery, and it is doubtful whether this reference to Davelaar could have prejudiced the appellant. In any event, we think the court's instruction to the jury cured the error, if error it was. *State v. Crowder,* 132 Wash. 496, 231 Pac. 930.

Finding no error in the record, the judgment of the trial court will be affirmed.

MILLARD, C. J., TOLMAN, BEALS, and MAIN, JJ., concur.