[No. 35205.    Department One.    October 13, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. ALBERT B. JACKOVICK, *Appellant*.[1]

[1]Reported in 355 P. (2d) 976.

*Maurice Kadish,* for appellant.

*Charles O. Carroll* and *August F. Hahn,* for respondent.

HILL, J.—This is an appeal from a conviction of armed robbery, and from a sentence of life imprisonment imposed for that offense in consequence of a finding that the appellant was an habitual criminal. The habitual criminal statute is attacked as unconstitutional, and a question is raised as to whether two prior out-of-state convictions were of crimes which are felonies in this state. Unlawful search and seizure and right to counsel are also suggested as issues.

The evidence of guilt in the armed robbery case was overwhelming. The amount taken in the robbery of a food store was in excess of three thousand two hundred dollars. Prior to his arrest a car, traced to the possession of the appellant, had been seen leaving the store; and pictures of the appellant had been identified as those of the robber. The officers, who arrested him at his sign shop, searched the shop and his car, which was parked behind it, as an incident to the arrest. Approximately twenty-six hundred dollars, together with other incriminating evidence, was found.

A motion (made and argued by court-appointed counsel) to suppress the evidence, as being obtained by an unlawful search and seizure, was denied. This constitutes a claim of error.

At the trial, appellant was represented by other counsel of his own choice. When the evidence, which appellant had sought to suppress, was offered at the trial no objection was made. This constituted a waiver of the motion to suppress. *State v. Hartness* (1928), 147 Wash. 315, 265 Pac. 742.

But, beyond any question of waiver, it is clear that the officers who made the arrest believed, and had every

reason to believe, that the appellant had committed a felony and that he had fled the scene in the car found parked back of his shop. It is well established that officers have a right, as incident to a lawful arrest, to search the person arrested and the area where the arrest is made. *State ex rel. Fong v. Superior Court* (1948), 29 Wn. (2d) 601, 188 P. (2d) 125; *State v. Lindsey* (1937), 192 Wash. 356, 73 P. (2d) 738; *State v. Thomas* (1935), 183 Wash. 643, 49 P. (2d) 28; *State v. Evans* (1927), 145 Wash. 4, 258 Pac. 845.

Appellant makes the customary attacks on the habitual criminal act as being unconstitutional for lack of both due process and equal protection under the law.

We have heretofore considered these contentions and found them to be without merit. *In re Frye v. Delmore* (1955), 47 Wn. (2d) 605, 288 P. (2d) 850; *State v. West* (1939), 197 Wash. 595, 86 P. (2d) 192; *State v. Fowler* (1936), 187 Wash. 450, 60 P. (2d) 83; *State v. Edelstein* (1927), 146 Wash. 221, 262 Pac. 622; *State ex rel. Edelstein v. Huneke* (1926), 138 Wash. 495, 244 Pac. 721, 140 Wash. 385, 249 Pac. 784; *State v. LePitre* (1909), 54 Wash. 166, 103 Pac. 27.

In support of its contention that the appellant had the status of an habitual criminal, the state alleged four prior felony convictions. Two of them were for offenses committed in this state: armed robbery and second-degree burglary, each of which had resulted in his imprisonment in the Washington State Penitentiary. Two were for offenses committed in Minnesota: burglary in the third degree and grand larceny in the second degree, each of which had resulted in his imprisonment in the Minnesota Penitentiary.

Each of the four convictions was proved by an exemplified copy of the judgment and sentence together with an exemplified copy of the penal institution records, including, in each instance, the finger prints of the appellant. The jury found, by answers to four special interrogatories—one relating to each of the four prior convictions alleged—that the appellant was the person named in each of the four prior convictions.

The two prior felony convictions in Washington, together with the conviction of armed robbery in the instant case, established the appellant's status as an habitual criminal under RCW 9.92.090, and we do not need to consider whether third-degree burglary and second-degree grand larceny, as defined by the Minnesota statutes, constitute felonies in the state of Washington now and at the time the offenses were committed.

■ However, we will consider appellant's claim that because there was no evidence that the Minnesota offenses charged were felonies in Washington, the Minnesota convictions should not have been submitted to the jury. Clearly, the proof of the Minnesota law was not a matter to be submitted to the jury.

The Uniform Judicial Notice of Foreign Laws Act, adopted by this state in 1941 (RCW, chapter 5.24), provides:

"The determination of such laws [laws of every state, territory and other jurisdiction of the United States] shall be made by the court and not by the jury and shall be reviewable." RCW 5.24.030.

This has long been the rule in Washington. *Rood v. Horton* (1924), 132 Wash. 82, 89, 231 Pac. 450.

The trial court made the determination, as required by the statute, and the jury was instructed that each of the crimes referred to in the prior convictions alleged in the habitual criminal proceeding "is now and was, at the time of the claimed conviction and at all times since, a felony in the State of Washington."

■ It is also provided in the Uniform Judicial Notice of Foreign Laws Act that

"The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information. [1941 c 82 § 2; Rem. Supp. 1941 § 1279.]" RCW 5.24.020.

This section has been interpreted not to require courts to take judicial notice of the law of another state, unless pertinent decisions or statutes are called to its attention in the records or the briefs; but a court may, on its own motion,

inform itself of such foreign law. *Strout v. Burgess* (1949), 144 Me. 263, 68 A. (2d) 241, 12 A. L. R. (2d) 939.

█ · The matter that is reviewable is not whether there was sufficient evidence to go to the jury—that the Minnesota offenses were felonies in Washington—but whether the trial court, after informing itself "of such laws in such manner as·it may deem proper" correctly determined the two issues of law presented.

The appellant has made no effort to demonstrate that the trial court's determination—that each of appellant's Minnesota offenses "is now, and was, at the time of the claimed conviction and at all times since, a felony in the State of Washington."—was erroneous.

Our own examination of the Minnesota statutes makes it quite apparent that burglary in the third degree, as defined in § 621.10 of the Minnesota Statutes Annotated, and grand larceny in the second degree, as defined in § 622.06 of the Minnesota Statutes Annotated, are both—and were at the time when the appellant was convicted of those offenses—felonies in the state of Washington.

█ Finally, the appellant claims that he was denied the right to, and the benefit of, counsel. As indicated, he was originally represented by court-appointed counsel. He discharged them and employed counsel of his own choice who represented him during his trial on the armed robbery charge and in the habitual criminal proceeding. When he first voiced dissatisfaction to the court with his counsel in the latter proceeding, both sides had rested; the jury had been instructed, and the deputy prosecuting attorney had made his opening argument to the jury. Appellant's counsel waived argument, and the case was ready to go to the jury. Then, for the first time, the appellant advised the trial court that he did not feel that he had an attorney.

The appellant, through his present counsel on the oral argument of this appeal, suggests that trial counsel was remiss in not making an argument to the jury in the habitual criminal proceeding. The only issue, under the instructions, was whether or not the appellant had been previously convicted of each of the four crimes set forth in the supple-

mental information in the habitual criminal proceeding. All that the trial court could have done at that time, that it did not do, was to have permitted the appellant to make an argument to the jury *pro se,* and the appellant made no such request.

We can imagine nothing more clearly an exercise in futility and a waste of time of court and jury than an argument by the appellant or his counsel in the face of the completely conclusive evidence then before the jury as to his prior convictions, none of which he denies. Appellant's trial counsel is certainly not to be censured for waiving such an argument.

Appellant's present counsel was appointed by the court to represent him in all post trial proceedings and on this appeal. This appellant has never been without competent counsel, court appointed or self employed, at any stage of this proceeding. His basic complaint against counsel seems to be their inability, by some legal legerdemain, to disprove the obvious.

The judgment and sentence appealed from is affirmed.

WEAVER, C. J., MALLERY, FOSTER, and HUNTER, JJ., concur.