[No. 3581. Decided April 20, 1901.]

THE STATE OF WASHINGTON, *Respondent*, v. LOUIS ULSE-
MER, *Appellant*.

CRIMINAL LAW — CIRCULATING INDECENT PICTURE — SUFFICIENCY OF
INFORMATION.

An information which alleges that defendant "knowingly"
distributed a certain indecent picture sufficiently charges knowl-
edge on his part of the indecency of the picture.

SAME — INSTRUCTIONS.

Where the information charged defendant with knowledge
of the indecency of a picture circulated by him, an instruction
by the court that "The sole questions for the jury to determine
are, Did the defendant knowingly distribute the picture as
charged in the information? and was this picture indecent?"
are sufficiently specific as to the law of the case.

SAME — EVIDENCE OF USAGE.

In a prosecution for distributing an indecent picture, where
the statute makes the jury the sole judges as to whether or not
the matter circulated is obscene and indecent, testimony as to
the use of similar pictures in commerce and trade is incompetent.

SAME — ACCUSED AS WITNESS — REMARKS OF COUNSEL.

Where a defendant charged with distributing an indecent pic-
ture offered himself and was sworn as a witness, but gave no
testimony because the questions asked by his counsel were not
admitted, it is not error for the prosecution to refer in argument
to his offer to testify and make the comment that he made no
denial of the indecency of the picture.

SAME — INSTRUCTIONS AS TO CREDIBILITY.

Where a defendant is sworn as a witness in his own behalf,
it is not error for the court to charge that the testimony of the
defendant should be weighed as that of any other witness, even
though he did not testify because of the refusal to admit the
testimony which his counsel endeavored to elicit and the denial
of the right of cross examination on the part of the state.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*Robertson & Miller*, for appellant.

42-24 WASH.

*James Z. Moore,* Prosecuting Attorney, *Miles Poindexter* and *Horace Kimball,* for the State.

The opinion of the court was delivered by

REAVIS, C. J.—Appellant was charged with having circulated an indecent picture in Spokane. The portion of the information material for consideration is as follows:

"That the said Louis Ulsemer, on the 2d day of August, A. D. 1899, in the county of Spokane, state of Washington, then and there being, did then and there unlawfully, feloniously, wilfully, knowingly, wickedly, and designedly distribute a certain indecent picture."

Appellant entered a plea of not guilty to the information. No demurrer was interposed. At the trial a verdict of guilty was rendered. Motions for a new trial and in arrest of judgment were filed and overruled. Appellant objected to any testimony under the information, because it did not state facts sufficient to charge the crime of circulating an indecent picture. The contention is that the information is insufficient because it does not charge that appellant knew the matter distributed by him was indecent, and that such knowledge was an essential element of the offense. We are satisfied that the word "knowingly," in the information, sufficiently charges knowledge of the indecency of the picture. This principle of construction has been determined by this court in *State v. Holedger,* 15 Wash. 443 (46 Pac. 652), and *State v. De Paoli, ante,* p. 71 (63 Pac. 1102).

The defendant offered himself as a witness and was sworn to testify. Several questions were propounded to him by his counsel, but, upon objection by counsel for the state, he was not permitted to answer them. Afterwards, in the course of the argument, counsel for the state mentioned the defendant's offer to testify, and that he did not deny knowledge of the indecency of the picture; and the

court also instructed that the testimony of the defendant should be weighed as that of any other witness. This action of the court and counsel is assigned as error. The court had denied the right of the state to cross-examine the defendant. It was said in *State v. Duncan,* 7 Wash. 336 (35 Pac. 117): "When a defendant in a criminal case takes the witness stand, he assumes the character of a witness, . . . the same as any other witness." Defendant, in the language of the statute, "offered" himself as a witness and was sworn. The testimony which his counsel endeavored to elicit from him was not admitted, and, upon objection, no cross-examination was admitted. Defendant did not stand upon his rights, and refuse to offer himself as a witness. We do not perceive any reversible error or any prejudice in the instruction.

The court, among other instructions, used the words: "The sole questions for the jury to determine are, Did the defendant knowingly distribute the picture as charged in the information? and was this picture indecent?" to which exception is made by appellant. The instruction, though not as specific as it might be made, generally states the law. As we have seen, the information charged the defendant with knowledge of the indecency of the picture, and the court in the instruction advised the jury that such knowledge must be found as charged in the information.

The other instructions as to the nature of an indecent picture contain no error.

The testimony tendered by appellant as to the use of similar pictures in commerce and trade was incompetent. Any use of such pictures by anybody else would not palliate the offense of appellant. The statute provides (§ 7247, Bal. Code):

"The jury in all prosecutions under the next preceding section [which defines the crime] shall be the sole and

exclusive judges as to whether or not the matter circulated is obscene or indecent."

The judgment is affirmed.

FULLERTON, ANDERS and DUNBAR, JJ., concur.