## STATE v. MATTIVI.

No. 2218. Decided June 28, 1911 (117 Pac. 31).

CRIMINAL LAW—APPEAL—HARMLESS ERROR. One accused of having carnal knowledge of a female over thirteen and under eighteen years of age took the stand, testifying as to material facts, but failing to deny the act of intercourse. The prosecutrix had testified to acts of intercourse after the one relied upon for conviction. *Held*, that the admission of such testimony was harmless, if erroneous, for, while Comp. Laws 1907, section 5015, prevents any adverse inference from being drawn from a defendant's failure to testify, a defendant who takes the stand is subject to the same rules as other witnesses, and his failure to deny the fact of intercourse warrants an inference that it took place. †
(Page 337.)

APPEAL from District Court, Third District; *Hon. T. D. Lewis,* Judge.

Matt Mattivi was convicted of having carnal knowledge of a female under the age of eighteen years, and appeals.

AFFIRMED.

*McCrea & Rogers* for appellant.

*A. R. Barnes,* Attorney-General, for the State.

†State v. Hilberg, 22 Utah, 27, 61 Pac. 215.

FRICK, C. J.

Appellant was convicted of having had carnal knowledge of a female over thirteen and under eighteen years of age, which, in this state, is a felony. The trial court refused a new trial, and hence this appeal.

The only question that is presented for review arose upon the trial, and is as follows: In the information it was charged that the offense was committed on the 11th day of July, 1909, and the prosecutrix testified that at that time she was seventeen years of age; that on the day aforesaid she met the appellant in his saloon in Salt Lake City; that he took her to the Lagoon, a summer resort some distance outside of the city; that after returning from the Lagoon about nine o'clock in the evening, and after promising to marry her, he took her to a rooming house in the city, where they registered as man and wife, and where they obtained a room in which they stayed together until the next morning at about ten o'clock; that the appellant had sexual intercourse with her during the night of the 11th, in the room aforesaid. The prosecuting attorney then propounded to the witness the following question, "Where did you stay the next night?" Appellant's counsel objected to this question, upon the ground that it was improper to show separate and independent acts of intercourse occurring subsequent to the one charged in the information, which had already been testified to and identified by the prosecutrix. The prosecuting attorney stated that the question was "not for the purpose of showing any other acts of sexual intercourse," but simply "to show that the room was occupied" by the prosecutrix and appellant during the nights of the 11th, 12th, and 13th of July. The court permitted the prosecutrix to testify as proposed, and counsel for appellant excepted, and now urges that the admission of the evidence constitutes prejudicial error.

On the hearing it was contended by the Attorney General that, inasmuch as the evidence in question was not admitted for the purpose of showing subsequent acts of sexual intercourse, and since it was not shown that in occupying the room the appellant and the prosecutrix did have sexual intercourse

after the night of the 11th of July, which latter fact was
essential to constitute separate and independent offenses, there-
fore the admission of the evidence, even though not proper,
nevertheless could not have prejudiced the appellant, because
it did not amount to proving separate and distinct offenses.
It is conceded by the Attorney General that in this juris-
diction the rule is now firmly established that separate and
independent acts of sexual intercourse, occurring after the
one complained of and upon which the state relies for a con-
viction, are not admissible as evidence in prosecutions like
the one at bar; but he contends that for the reasons last
stated the evidence admitted in this case does not come
within the rule laid down in the case of *State v. Hilberg,* 22
Utah, 27, 61 Pac. 215, the leading case in this state upon
that subject. We are of the opinion, however, that in prin-
ciple there is no difference between the evidence condemned
in the Hilberg Case and that which was admitted in the case
at bar. True it was not shown in this case that in occupying
the room during the nights of the 12th and 13th of July the
appellant and the prosecutrix actually indulged in sexual
intercourse. In this regard the question, however, arises,
what other possible inference would the jury, or any one else,
draw from the occupancy of the room than that it was oc-
cupied for that purpose, and for no other? What other
purpose could the evidence subserve than the one just indi-
cated? We confess that we can conceive of no other. In any
event, such was its natural and probable effect; and hence it
comes within the rule laid down in the *Hilberg Case, supra.*
It may be that in prosecutions for sexual crimes subsequent
acts of the parties not amounting to subsequent offenses,
under certain circumstances, may be admissible in evidence as
corroborative of the principal act sought to be established;
but the case at bar does not come within that class of cases.
While in prosecutions for sexual offenses the courts are not
in harmony with regard to what subsequent acts may be
shown in all cases, yet the great weight of authority is in
support of the rule laid down in the *Hilburg Case, supra.*
It is not deemed necessary to refer to the numerous cases

here, but in case the reader desires to pursue the subject we refer him to the notes following the case of *People v. Molinuex,* 62 L. R. A., commencing at page 335.

We remark that in the case at bar the court, upon the request of appellant, charged the jury that the subsequent acts occurring on the 12th and 13th of July were admitted in evidence "merely for the purpose of corroboration," and for no other purpose. In view that appellant requested this instruction, he cannot complain; but, since our silence upon this subject might be taken as a tacit approval of the doctrine contained in the aforesaid charge, we desire to say that we cannot yield assent to the proposition that acts of the kind testified to by the prosecutrix in this case, occurring subsequent to the one charged in the information and relied on for a conviction, are admissible as corroboration of the principal offense. In this case no one testified to the act of sexual intercourse occurring on the 11th of July, except the prosecutrix; nor did any one except she testify to the subsequent conduct occurring on the 12th and 13th of July. It must follow, therefore, that in view of the court's charge the statements of the prosecutrix with regard to what occurred on the 12th and 13th must be taken as corroboration of her statement of what occurred on the 11th. It would seem to require neither argument nor authority to show that a witness cannot corroborate one fact testified to by himself by merely testifying to a similar fact occurring at a different or subsequent time. If, however, authority be necessary upon this question, we refer to the case of *Smith v. State,* 73 S. W. 401, where Mr. Justice Brooks, in speaking for the Court of Criminal Appeals of Texas, refutes the proposition.

While, as we have seen, the court erred in admitting the evidence with respect to the criminal conduct of appellant and the prosecutrix on the nights of the 12th and 13th of July, yet the question whether the error was prejudicial to the rights of appellant still remains to be answered. If the error was without prejudice, he cannot be heard to complain.

After a careful examination of the evidence and the law applicable thereto, we are of the opinion that the appellant was not prejudiced in any substantial right by the admission of the evidence referred to. Appellant became a witness and testified on his own behalf upon the merits of the case. He gave his age as thirty-four years, and in substance stated that he was acquainted with the prosecutrix; that she told him in May, 1909, that she was nineteen years of age; that he did not any time promise to marry her; that he had lived in Salt Lake City about two years; that he was a citizen of the United States, and had never before been arrested for any offense. The only other evidence on appellant's behalf related to his good character as a law-abiding citizen. The evidence of the prosecutrix with regard to the sexual intercourse, therefore, was not questioned even by appellant. The statement of hers that he denied was that he had promised to marry her before the sexual act complained of took place. It also was made to appear that the prosecutrix, prior to the trial, had said or testified that in July, 1909, she was nineteen years of age. She however, fully explained to the jury that she was not that old, and gave reasons why she was induced to make the statement regarding her age on the prior occasion. A woman who knew the prosecutrix from childhood also testified with regard to the year in which she was born, and that in the year 1909 she was but seventeen years of age. In corroboration of the testimony of the prosecutrix, the woman who kept the rooming house known as the Nevada produced the register kept by her, in which, among others, the names of both the prosecutrix and appellant appear. It was also shown by the register aforesaid that on the night of the 11th of July, 1909, the appellant and the prosecutrix occupied room No. 12 in the rooming house aforesaid. The prosecutrix also testified that the appellant wrote his own and her name in the register, which fact he did not deny. The woman keeping the rooming house said that when the prosecutrix and appellant applied for a room in her house she took them to be tourists.

Had appellant refrained from testifying in the case, then, in view of the provisions of Comp. Laws Utah 1907, section 5015, it may well be that we would be forced to reverse the judgment, upon the ground that the presumption that the error arising from the admission of the subsequent acts of appellant and the prosecutrix was prejudicial had not been overcome by the record. Section 5015 aforesaid, in substance, provides that the accused may offer himself as a witness, and if he testifies he may be cross-examined "the same as any other witness," and that his refusal to become a witness "shall not in any manner prejudice him nor be used against him on the trial or proceeding." The general rule is that, in the event that an accused who is on trial for a crime elects to become a witness and testifies upon the merits of the case in his own behalf, he cannot escape the consequences of any fact testified to by him, or of the omission to deny or explain any fact establishing his guilt, which was testified to by another or others, and which fact must be within the personal knowledge of the accused. In view that the statutes regulating the rights of one on trial in becoming a witness in his own behalf are not uniform, the courts have arrived at somewhat different conclusions with regard to the effect or extent that the failure of the accused to deny certain material facts may have or be commented upon by the prosecuting attorney. We think, however, that the result reached by the great weight of authority in that regard is aptly stated by the author in the second edition of Underhill on Criminal Evidence, section 68, in the following language:

"The exemption from unfavorable comment is applicable only when the accused wholly refrains from testifying. If he voluntarily goes upon the stand, he waives this exemption, and the state may comment upon his testimony as fully as on that of any other witness, and may call attention to his silence and demeanor while there, or, at the preliminary examination, to his refusal to answer incriminating questions; *or to deny prominent and damaging facts of which he must have some personal knowledge.*" (Italics ours.)

. Under statutory provisions similar to our own, the following cases, among others, that might be cited fully support the foregoing text: *Lienburger v. State* (Tex. Cr. App.), 21 S. W. 603; *Stover v. People,* 56 N. Y. 315-320; *Brashears v. State,* 58 Md. 563; *Comstock v. State,* 14 Neb. 205, 15 N. W. 355; *Heldt v. State,* 20 Neb. 492, 30 N. W. 626, 57 Am. Rep. 835; *Lee v. State,* 56 Ark. 4, 19 S. W. 16; *State v. Tatman,* 59 Iowa, 475, 13 N. W. 632; *State v. Slaley,* 14 Minn. 116-124 (Gil. 75); *State v. Glave,* 51 Kan. 330, 33 Pac. 8; *State v. Ulsemer,* 24 Wash. 657, 64 Pac. 800; *State v. Harrington,* 12 Nev. 125; *Cotton v. State,* 87 Ala. 103, 6 South. 372.

The cases from Nebraska, Minnesota, Nevada, Washington, Kansas, Iowa, and New York are precisely in point upon the question that the accused, in becoming a witness and in failing to deny material facts establishing his guilt as testified to by others, which facts are within his knowledge, in effect concedes that the facts so testified to by others are true. The appellant in this case certainly must have known whether he wrote the names of himself and the prosecutrix in the register on the night of July 11, 1909, whether he stayed with her in Room 12 on the night aforesaid, and whether on that night he had sexual intercourse with her as she testified he had. He took pains to deny that he had promised to marry her as she said, but entirely omitted to deny her statements with regard to having sexual intercourse with her as testified to by her. These omissions on his part were not merely accidental, nor can they be passed by as unimportant. If any other witness who had testified in the case had omitted to deny or explain a fact or facts testified to by another witness in the case, which facts vitally affected the veracity of the first witness, and which facts were within her personal knowledge, any one would at once say that the denial or explanation was not made, because the statements which were derogatory to the veracity of the first witness were in all probability true and could not be truthfully denied or explained. This is an inevitable inference in view of the witness' failure to deny or explain. Must not

one accused of crime under the same conditions and circumstances be judged by the same rules as others are? Can a person on trial after becoming a witness escape the legal consequences of his own acts and conduct any more than any other witness? We think not. One accused of crime may refuse to become a witness, or may become such only with regard to some formal matter not affecting the merits of the case, and his failure to take the stand and deny or explain any fact or facts, although known to him, and however inculpatory, cannot be used against him, either directly, indirectly, or otherwise. It would, however, be a travesty of justice and a reproach to the law itself if it were held that a person on trial may with impunity testify to such acts only as he chooses, and in doing so pass over all facts testified to by others that may implicate him, and still escape the legal inferences and consequences of his acts and omissions. Criminal procedure was not conceived to prevent the guilty from being punished, but was conceived and established to protect the innocent. In view of appellant's failure to deny the most prominent fact, namely, the sexual act, while disputing the statement of the prosecutrix that he had promised to marry her, both of which must have been equally within his knowledge, permits of but one inference or legal deduction, which is that what the prosecutrix said with regard to the sexual intercourse is substantially true. If, therefore, such be the legal effect of the appellant's conduct as a witness, how can it be contended that he suffered in any substantial right by the admission of evidence which at most could only be considered for the sole purpose of establishing the very fact which he in legal effect admitted by failing either to deny or explain, when possessing the ability and having the opportunity to do so? We repeat that to reverse judgments of conviction under such circumstances would be a mere travesty of justice.

It is suggested, however, that, in view that the prosecutrix on a former occasion and under oath stated that her age at the time the sexual intercourse took place was nineteen years,

therefore, her statements at the trial that she was only seventeen should have no weight, and that the latter fact should be kept in mind in determining whether the admission of the subsequent acts were prejudicial to the rights of the appellant. We confess our entire inability to understand in what way either the admission or the exclusion of the evidence respecting the acts of appellant and the prosecutrix subsequent to the 11th day of July could have affected the question of whether she was seventeen or nineteen years of age at that time. The question of the age of the prosecutrix, as well as the weight that should be given her testimony, was a question solely for the jury. It is wholly unreasonable to say that the mere fact that the prosecutrix testified that she and the appellant occupied the same room on the nights of the 12th and 13th of July, as well as on the night of the 11th had the effect of inducing the jury to accept her statement with regard to her age, or that it had any effect with regard to that fact whatever. Such a claim is wholly without merit, and yet it is the only one that can be urged in favor of reversing the judgment in this case. If it be true that appellant had sexual intercourse with the prosecutrix at a time when she was between thirteen and eighteen years of age, then he should be punished. He in legal effect admits that he had sexual intercourse, and the jury found that the age of the prosecutrix was as testified to by her on the trial. Upon the latter question the record is entirely free from error.

The judgment therefore should be, and it accordingly is, affirmed, with costs.

STRAUP, J. I concur in the result.

McCARTY, J. (concurring).

In *State v. Greene,* 38 Utah, 389, 115 Pac. 181, recently decided by this court, the defendant was tried and convicted of adultery. In that case an affidavit purporting to be the affidavit of the woman with whom it was alleged in the information that Greene, on July 18, 1906, committed the

offense was, over the objection of the defendant, admitted in evidence. It was recited in the affidavit that the affiant was the mother of an infant child, born April 18, 1907, and that Greene was the father of the child, and that the affiant "had sexual intercourse with said Webster Greene at divers times and occasions at Mt. Pleasant, Utah, between February 1, 1906, and October 1, 1906, both inclusive." It will be observed that it was alleged in the affidavit that Greene had sexual intercourse with the woman therein referred to both before and after the particular act for which he was convicted. In the prevailing opinion handed down in that case, it is held that the admitting of the affidavit in evidence was not error. True, it is held in the opinion that the principle announced and followed in the Hilberg Case was in no way involved in the case then under consideration. But I now insist, as I then contended, that precisely the same principle was involved in both cases, and that the affirmance of the judgment in the Greene Case in effect overruled the Hilberg Case. Therefore, if the rule adhered to in the Greene Case is to be followed, it necessarily follows that the judgment in the case at bar must be affirmed, as that case is decisive of this.

But even if the doctrine announced in the Hilberg Case is to govern, I fully agree with the Chief Justice that the error, if any, in admitting the testimony here complained of could not, for the reasons stated by him in the foregoing opinion, have been prejudicial. I therefore concur in the affirmance of the judgment on that ground.