[No. 18068.   Department Two.   December 7, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES McCORMICK, *Appellant.*[1]

CRIMINAL LAW (123, 124)—EVIDENCE WRONGFULLY OBTAINED—SUPPRESSION—TIME TO MOVE—WAIVER. Objection cannot be made to the testimony of officers as to what they did under a search warrant, which was not produced, in the absence of a timely motion to suppress the evidence.

SAME (241)—TRIAL—CONDUCT OF COUNSEL—COMMENTS ON FAILURE OF ACCUSED TO TESTIFY—WAIVER OF RIGHTS. Comment by the prosecuting attorney upon the accused's failure to testify as to certain matters is not unlawful, where the accused took the stand and "offered" himself as a witness.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 28, 1922, upon a trial and conviction of the unlawful possession of intoxicating liquor. Affirmed.

*A. B. Bell* and *Harry L. Parr,* for appellant.

*J. W. Seldon, T. F. Ray,* and *J. A. Sorley,* for respondent.

[1]Reported in 220 Pac. 808.

PEMBERTON, J.—The defendant was found guilty by a jury of the crime of having in his possession intoxicating liquor other than alcohol. From judgment and sentence, this appeal is taken.

Upon the trial, the arresting officers testified, over the objection of appellant, as to what they did by virtue of a certain search warrant, without producing the search warrant in evidence. It is the contention of the appellant that the court should have determined whether or not the proceedings supporting the search warrant were valid, and that this question should have been determined before the witnesses were permitted to testify concerning what they did by virtue of the search warrant. It is well established that the court, at the time of the trial, will not inquire into a collateral matter to determine in what manner the evidence has been secured. Timely application before the date of the trial must be made to have the evidence unlawfully obtained suppressed. In the case of *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837, we said:

"The court is not required at that time to try out and investigate the circumstances under which the liquor was taken to determine whether it was admissible in evidence."

No timely application to suppress the evidence having been made, the trial court properly admitted the same.

At the time of the trial, the appellant testified that the place searched was his home and private dwelling. This was the only testimony offered by the appellant and there was no cross-examination. In the closing argument, the prosecuting attorney used the following words:

"The defendant has a right to stay mute and say nothing, and if he does the state cannot make any com-

ment at all; but Jim McCormick took the stand, and he had a right to tell you all about this. If it was not his, and was not booze, he had the right to show that to you, but he did not. . . . Jim McCormick does not say that it was not booze, and Jim does not say that he didn't have it in his possession.''

It is claimed that this statement of the prosecuting attorney constituted reversible error because it was commenting upon the fact that the appellant did not testify in his own behalf as to the possession of the liquor.

It is a constitutional right of the appellant to refuse to testify and unlawful for the prosecuting attorney to comment upon his failure so to do. When the appellant, however, offered himself as a witness he waived this constitutional privilege and thereby subjected himself to the rules applying to other witnesses.

'' 'When a defendant in a criminal case takes the witness stand, he assumes the character of a witness, . . . the same as any other witness.' Defendant, in the language of the statute, 'offered' himself as a witness and was sworn. The testimony which his counsel endeavored to elicit from him was not admitted, and, upon objection, no cross-examination was admitted. Defendant did not stand upon his rights, and refuse to offer himself as a witness. We do not perceive any reversible error or any prejudice in the instruction.'' *State v. Ulsemer*, 24 Wash. 657, 64 Pac. 800; *State v. Duncan*, 7 Wash. 336, 35 Pac. 117, 38 Am. St. 888.

There being no error in the record, the judgment must be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.