[Crim. No. 4228.   Second Dist., Div. Three.   Nov. 16, 1948.]

## THE PEOPLE, Respondent, v. FRANK W. WALL, Appellant.

Eugene V. McPherson for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant was convicted at a trial by court of a violation of section 288 of the Penal Code. Imposition of sentence was stayed and appellant was placed on probation

for five years. Thereafter, probation was revoked and appellant was sentenced to state prison for the term prescribed by law. He appeals from the judgment of conviction, urging insufficiency of the evidence to establish guilt.

At the trial, pursuant to stipulation, the case of the People was submitted on the testimony taken at the preliminary hearing. No defense was interposed at the preliminary, but upon the trial appellant testified and called one Myrtle Morden as a witness. On application to this court an order was made that the testimony given at the preliminary and also that given at the trial be transcribed and incorporated in the record on appeal. A transcript of the proceedings at the preliminary has been produced, but it is now made to appear that a transcript of the additional testimony given at the trial is unavailable because of the death of the court reporter, and the further fact that his stenographic notes are not readable.

The victim was a female child approximately 6 years old. She lived in a boarding house in Los Angeles with her mother who was employed in a department store. The offense was committed shortly after midnight when the child was in bed and was awakened by the presence of a man beside her bed. The child testified for the People and it is contended by the appellant that her account of the occurrence was inherently improbable and unbelievable. We have concluded after a thorough examination of the record that the contention is without merit. Before the child was allowed to testify, her qualifications as a witness were properly tested, without objection from appellant's counsel, and her testimony was given without objection. No attack is made here upon her competency as a witness. Her testimony was clear, unequivocal and free from contradictions or inconsistencies. She appeared to be an intelligent child, and, as we shall see, her testimony was not without substantial corroboration of a circumstantial nature. It is unnecessary to relate the testimony which she gave, further than to say that it was sufficient to prove the commission of the offense and in our opinion was not at all improbable.

Appellant insists that he was not sufficiently identified by the child as the perpetrator of the offense. He says, "apparently it was dark in there . . . there was no identification of the defendant by the alleged victim and obviously any identification was impossible because it was night and the girl was asleep in her room." The child testified that the door leading into her room was open and we find no evidence

to the effect that the room was dark or that there was not sufficient light to permit of the identification of the man who was standing beside the child's bed. She testified that she had seen appellant twice before around the premises, and that she recognized him when he came into her room and when he kissed her. She was not cross-examined concerning her identification of appellant, and there did not appear to be any uncertainty about it. It may be granted that if proof of the presence of appellant depended solely upon the child's identification of him in an unlighted room it would be indeed weak, but such is not the case. A witness, Marvin Duke, a cook and a merchant seaman, resided in adjoining rooms with his wife and child, his sister-in-law, and the latter's two children. He returned home from his work at about 12:15 a. m. He testified that as he came up the stairway he saw appellant leave the child's room, close the door and go down stairs. He immediately went to bed and as he lay down heard the child crying in the adjoining room. At about this time the child's mother returned. She testified that she found the child in bed and crying; that the child had been out of bed and had turned on the light; that she (the witness) knocked on the door leading into the quarters of Mr. and Mrs. Duke and asked Mr. Duke to come into her room; the latter also testified to this occurrence. Appellant at that time was in the house on the lower floor and could be seen from above. The mother of the child waited for him to leave the house and then went down stairs. Duke descended the stairs, noticed appellant talking to a woman named Myrtle who ran the boarding house, saw appellant leave hastily by the rear door, followed him down to the next block when appellant went into a vacant lot where there was a considerable amount of shrubbery. At this point Duke encountered police officers who searched for appellant on the lot, found him and placed him under arrest. The mother of the child in the meantime had telephoned for the police. A photograph of the child, taken later in the day, was introduced in evidence. The mother described the child's face was "very red, as though it had been scratched," and further, that the child made complaint to her of the occurrence. We find in appellant's brief no mention of any alleged contradictions in the testimony of the several witnesses except that the child testified that she was crying immediately after the occurrence, whereas the witness Duke testified that it was some 15 minutes after his return to his room when he heard her crying. In the meantime, he was washing and preparing

for bed. No doubt the trial judge believed that the testimony of the two witnesses was reconcilable, as indeed it is. Although the testimony given by defendant is not before us, it is stated in his brief that he testified that he resided in the same boarding house as the child and her mother, and was there during the daytime but that he was absent from about 10 p. m. of the night in question until about 3 a. m., and he also denied having been in the child's room or having touched her at any time. The attorney general concedes that the defendant may have so testified. It is not contended that there was any other defense than that of an alibi.

There was ample evidence to prove that defendant was in the child's room at the time the offense is alleged to have been committed. There was, as we say, no inherent improbability in the testimony of the child. Appellant says, correctly, "the rule of law usually applied is that the testimony must bear upon its face such an improbability as to render it unbelievable and involve a claim that something has been done, which under the circumstances described could not have been done," but appellant does not state any reasons for his assertion that the acts testified to by the complainant, namely, that the appellant kissed her body, could not have been committed. The claim of inherent improbability is wholly unfounded. (*People* v. *Ash,* 70 Cal.App.2d 583 [161 P.2d 415].)

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.