[No. 34529.    Department Two.    January 8, 1959.]

THE STATE OF WASHINGTON, *Respondent*, v. CLYDE A. DAVIS, *Appellant*.[1]

[1]Reported in 333 P. (2d) 1089.

*Clyde A. Davis, pro se.*

*Arthur L. Hawman,* for respondent.

FOSTER, J.—Clyde A. Davis, without the assistance of counsel and with remarkable skill, appeals from his conviction and sentence for the crime of "burglary in the Second Degree and is a habitual criminal." He filed a statement of the points upon which he intends to rely, entitling him to bring the evidence here by a statement of facts, which is partly narrative and partly a stenographic transcript of the trial minutes. This has long been sanctioned by the rules of this court and our decisions, which were recently reviewed in *In re Grady v. Schneckloth,* 51 Wn. (2d) 1, 314 P. (2d) 930, certiorari denied 357 U. S. 939, 2 L. Ed. 1554, 78 S. Ct. 1391. In a criminal case in this state, there is no need for a complete transcript of the minutes of the trial for appellate review.

No error is assigned as to any instruction. The appellant's assignments of error are:

"I   The verdicts are contrary to the law and the evidence;

"II   Misconduct of the Prosecutor during course of first trial;

"III The State's principal witness was guilty of perjury;

"IV The State deliberately withheld available defense witnesses;

"V   The State used an improper method of police line-up procedure coupled with undue influence and auto-sugges-

tion to obtain false identification of defendant as a crime participant;

"VI Appellant was literally 'sold down the river' by an incompetent attorney who acted contrary to his oath of office and Canon 5 of Professional Ethics;

"VII The Supplemental Information in Cause No. 43720 did not charge appellant with a crime as 'crime' is defined by statute in the State of Washington; and

"VIII RCW 9.92.090, the Habitual Criminal Act, is an unconstitutional statute, and this renders the increased punishment on the original conviction in Cause No. 43720 nugatory."

Appellant was charged with the crime of burglary in the second degree and convicted thereof. Thereafter, and before sentence, by supplemental information, he was charged with being an habitual criminal because he had been convicted in Missouri in 1940 of grand larceny, and in January, 1950, had been convicted in the superior court of this state (for Spokane county) of robbery. The supplemental information further charged that all three crimes amounted to felonies under the law of the state. Prior to arraignment, counsel was appointed to defend him. At the trial on the habitual criminal charge, he was represented by both court-appointed counsel and privately employed counsel.

The evidence leaves little doubt as to the appellant's guilt. The Mountain View hardware store in Walla Walla, Washington, was entered and robbed of two rifles and several boxes of ammunition. Entry was made by breaking a window and then reaching through to unlock the door from the inside. A witness for the state testified that she observed the commission of the crime from her home, and later identified appellant in a police line-up as one of those participating in the burglary. She likewise identified him at the trial.

The owner of the hardware store testified as to the method of entry and that, pursuant to police requests and in their presence, he inventoried his stock which disclosed two rifles and ammunition missing. He identified those articles after the police recovered them, and also identified his handwriting on a price tag found in the car used by those participating in the crime. A member of the detective division

of the Walla Walla police force testified that he was present when the inventory was taken and that two days later he recovered the stolen articles. A member of the police force of Milton-Freewater, Oregon, identified the defendant as a passenger in the car in Milton-Freewater shortly after the commission of the crime. A police captain testified as to the fingerprints found on the stolen articles. The defendant testified in his own behalf but did not deny the commission of the crime, although he was not asked respecting it. He did, however, admit his prior convictions.

At the trial on the habitual criminal information, a deputy sheriff of Walla Walla county identified the defendant's fingerprints taken at the time of his arrest. Appellant was properly identified as the person convicted of burglary. Exemplified copies of the conviction and sentence in Missouri of grand larceny were received in evidence as well as an exemplified copy of the record in the Washington state penitentiary. The judgment and sentence of the felony in Spokane county were, likewise, properly proved. The identification officer at the Washington state penitentiary compared all fingerprints and identified them as those of the defendant.

■■ The jury was the sole and exclusive judge of the evidence, and its verdict is conclusive upon us. It is sufficient to say that the proofs of the appellant's guilt were overwhelming and amply support the verdict of guilty. Indeed, any other verdict would be incomprehensible.

■ The information charged the commission of the crime on May 4, 1957. The witness who identified the appellant as the one participating in the crime testified that the time was 12:07 a. m., May 5, 1957.

Appellant's argument is that this variance invalidates the verdict. No defense of alibi was made. The argument overlooks RCW 10.37.180, which is as follows:

"The precise time at which the crime was committed need not be stated in the indictment or information, but it may be alleged to have been committed at any time before the finding of the indictment or the filing of the information, and within the time in which an action may be commenced

therefor, except where the time is a material ingredient in the crime."

In the absence of the defense of alibi, it is sufficient if the state charge and prove the commission of the offense on any date within the period of the statute limiting the time within which the prosecution must be commenced. *State v. Coffelt,* 33 Wn. (2d) 106, 204 P. (2d) 521; *State v. Severns,* 13 Wn. (2d) 542, 125 P. (2d) 659.

■ The assignment of error respecting the claimed misconduct of the prosecuting attorney is that the prosecutor referred to appellant's failure to deny his guilt. This was entirely proper because appellant voluntarily took the stand as a witness in his own behalf. When a defendant does so, he is no different than any other witness, and it was entirely proper for the prosecutor to direct attention to his failure to deny that he committed the crime. *State v. Crowder,* 132 Wash. 496, 231 Pac. 930; *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Peeples,* 71 Wash. 451, 129 Pac. 108; *State v. Melvern,* 32 Wash. 7, 72 Pac. 489; *State v. Ulsemer,* 24 Wash. 657, 64 Pac. 800; *State v. Duncan,* 7 Wash. 336, 35 Pac. 117.

■ Appellant further argues that the state's attorney was guilty of misconduct because he stated in his argument to the jury that all persons concerned in the commission of a crime "whether they directly participate or not, and if they counsel, aid or assist somebody else to commit a crime, they are participants in that crime."

There are two answers to the argument: (1) It appears from the record that counsel was only reading from instruction No. 7; and (2) RCW 9.01.030 makes all persons participating in the commission of a crime principals. Counsel is entitled to refer to the court's instructions in jury argument.

The assignment respecting the police line-up as an extra-judicial identification is fully answered by *State v. Wilson,* 38 Wn. (2d) 593, 231 P. (2d) 288.

The record is barren of any justification for the assertion that appellant was "sold down the river" by incompetent court-appointed counsel. On the contrary, the record shows

that court-appointed counsel did the best that anyone could have done under the circumstances. The evidence of appellant's guilt was overwhelming. Court-appointed counsel defended appellant with diligence and skill in the best traditions of a noble profession.

The final argument respecting the habitual criminal statute is foreclosed by our decisions collected in the margin.[2]

Each assignment has been separately examined and found to be without merit.

Affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.

[2]*In re Frye v. Delmore*, 47 Wn. (2d) 605, 288 P. (2d) 850; *State v. O'Dell*, 46 Wn. (2d) 206, 279 P. (2d) 1087; *State v. Miles*, 34 Wn. (2d) 55, 207 P. (2d) 1209; *State v. Furth*, 5 Wn. (2d) 1, 104 P. (2d) 925; *State v. Courser*, 199 Wash. 559, 92 P. (2d) 264; *State v. West*, 197 Wash. 595, 86 P. (2d) 192; *State v. Johnson*, 194 Wash. 438, 78 P. (2d) 561; *State v. Fowler*, 187 Wash. 450, 60 P. (2d) 83; *State v. Edelstein*, 146 Wash. 221, 262 Pac. 622.

February 26, 1959. Petition for rehearing denied.