The ▮STATE of Utah, Plaintiff and
Respondent,

v.

Robert ROMERO, Defendant
and Appellant.

No. 14371.

Supreme Court of Utah.

Aug. 26, 1976.

Brian A. White, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This case comes before this court as an appeal from a conviction in the Third Judicial District Court for burglary and theft, second- and third-degree felonies, respectively.

On May 15, 1975, a television, stereo, and antique scale were stolen from a home during the day while the owners were away. Two eyewitnesses observed two men load the stereo equipment in a van and drive away. Both witnesses identified the defendant from a selection of police "mug shot" photographs. The defendant was known personally to one witness who identified him by name, and he was also known to the victims of the burglary. Defendant was subsequently arrested, tried by jury on July 30, 1975, and found guilty on both counts.

Defendant's appeal is based on the sole contention that the evidence was insufficient to establish guilt beyond a reasonable doubt. He claims that the prosecution has not borne its burden of proof in this regard.

In order to submit a question to the jury it is necessary that the prosecution establish a prima facie case. That is, it is necessary to present some evidence of every element needed to make out a cause of action, and it has long been established that such may be proven by direct and by circumstantial evidence.[1] But the evidence required need be only that which is sufficient to conform to the statutory definition of the crime charged, and the "element of each offense" is defined as (a) conduct, attendant circumstances, or results of conduct; and (b) the requisite mental state.[2] The relevant Utah statutes state as follows:

76–6–202(1)—Burglary—A person is guilty of burglary if he enters or remains unlawfully in a building or any portion of a building with intent to commit a felony or theft or commit an assault on any person.

76–6–404—Theft—A person commits theft if he obtains or exercises unauthor-

---

1. *State v. Richards*, 29 Utah 310, 81 P. 142 (1905).

2. 76–1–501, U.C.A.1953 (1975 Pocket Supplement).

ized control over the property of another with a purpose to deprive him thereof.[3]

The culpable mental state required for both statutes is defined as a "conscious objective or desire to engage in the conduct or cause the result."[4]

The State introduced evidence to show that certain property had been stolen from the victims' home and that, on the day of the crime, two eyewitnesses saw the defendant enter the home and carry away the stolen property. The State further established that the victims had never given permission for anyone to enter the home in their absence.

■ The defendant was identified by two witnesses as the one who entered the home and carried away the property. His conduct in entering the home without authority to do so and taking away the items belonging to the victims is sufficient to meet the statutory definitions of both burglary and theft. The intent to steal or unlawfully deprive the rightful owners of their property can be inferred by defendant's conduct and the attendant circumstances testified to by the witnesses. In *State v. Kazda*[5] the court said, "Thus, the intent to commit the crime of robbery . . . may be found from proof of facts from which it reasonably could be believed that such was the defendant's intent."

It appears that the prosecution did establish a sufficient prima facie case and, therefore, did not fail to sustain its burden of proof.

Defendant further claims that the evidence submitted was insufficient for the jury to find guilt beyond a reasonable doubt. He cites in particular conflicting testimony of the eyewitnesses, failure of the witnesses to see and identify all the stolen items and his own alibi which placed him away from the scene on the day the crime occurred.

■ This court has long upheld the standard that on an appeal from conviction the court cannot weigh the evidence nor say what quantum is necessary to establish a fact beyond a reasonable doubt so long as the evidence given is substantial.[6] Further, this court has maintained that its function is not to determine guilt or innocence, the weight to give conflicting evidence, the credibility of witnesses, or the weight to be given defendant's testimony.[7] In *State v. Laub*[8] this court said:

> It is not our province on appeal to judge the credibility of witnesses when their testimony is in direct conflict. We are concerned only with the question of the sufficiency of the evidence to sustain the convictions by showing that the jury could have found beyond a reasonable doubt that defendants were guilty.

■ The conflicting testimony referred to by the defendant was as to the color of the van, how entry was gained, and which items were removed from the premises. These variances, especially allowing for differences in human perception and the ability to recall all details after a lapse of time, are neither significant nor prejudicial to defendant. What is significant is that the defendant was identified by two eyewitnesses and both witnesses saw him load the stereo equipment, one of the stolen items, in a van; and further, that he was recognized by one of the witnesses at the time who reported his name to the police. It is not material how entry was obtained, nor is it relevant that the witnesses did not see defendant load each stolen article—it is sufficient that he was seen leaving the front of the home with the stereo in his possession.

3. U.C.A.1953 (1975 Pocket Supplement).

4. 76–2–103, U.C.A.1953 (1975 Pocket Supplement).

5. 15 Utah 2d 313, 317, 392 P.2d 486 (1964).

6. *State v. Ferguson*, 74 Utah 263, 265, 279 P. 55 (1929) ; *State v. Evans*, 74 Utah 389, 392, 279 P. 950 (1929).

7. *State v. Johnson*, 76 Utah 84, 91, 287 P. 909 (1930).

8. 102 Utah 402, 131 P.2d 805 (1942).

In *State v. Sullivan,*[9] the victim was mistaken as to the identity of the car—he thought it was a Pontiac or a Chrysler when it was, in fact, a Nash. He also failed to make a positive identification of the defendant, and the clothes described to the police fit only a general description of the thieves. These facts are similar to the facts in the instant case wherein there was a conflict as to whether the van used for the burglary was blue or grey, and whether one of the burglars wore a T-shirt or a tank top. The evidence in *Sullivan,* id., was held sufficient to affirm the guilty conviction for the court in substance said the law does not require proof beyond all doubt—it is not sufficient that reasonable minds *may* have entertained reasonable doubt, but it must appear that the evidence is so unsatisfactory that the jury *must* entertain reasonable doubt. The important, distinguishing element of the facts in this case as opposed to those in *Sullivan* is that the defendant was not picked up from a general description given by the witness. He was recognized and positively identified by name.

Whether or not the witnesses can be believed is for the jury to decide. Defendant suggests that one witness was prejudiced against him. If so, any motive she may have had could be deemed negated by the identification of the second witness who was not acquainted with defendant and yet selected his picture from among some 65 photographs shown to her by the police. This again, is a judgment to be made by the jury. The testimonies of both witnesses tend to corroborate each other in important respects and even though other evidence be circumstantial, a strong presumption of fact is raised which will be sufficient if the jury can find a probability of defendant's guilt beyond a reasonable doubt.

This court has set the standard for determining sufficiency of evidence to require that it be so inconclusive or so inherently improbable that reasonable minds could not reasonably believe defendant had committed a crime.[10] Unless there is a clear showing of lack of evidence, the jury verdict will be upheld.[11]

As to defendant's alibi that he was at the zoo and the park on the day in question, such alibi is not an affirmative defense but merely a denial that he was where he was said to be at the time the crime was committed. 21 Am.Jur.2d, Sec. 136, states in part:

. . . It is not enough for the accused to say he was not at the scene and must therefore have been elsewhere . . . a purported alibi which leaves it possible for the accused to be the guilty person is no alibi at all.

Defendant's corroborating witness was not only a close friend and relative by marriage, but testified under oath that she would lie for defendant if necessary although adding, ". . . but I ain't lying now." Apparently the jury did not believe her testimony.

Defendant also testified in his own behalf and, therefore, cannot escape the consequences of any fact testified to by him or of his omission to deny or explain any fact tending to establish his guilt which was testified to by others.[12]

When the only proof of presumed facts consists of circumstantial evidence, the circumstances must reasonably preclude every reasonable hypothesis of defendant's innocence, but this is not controlling when only part of the evidence is circumstantial.[13] In the instant case, the

9. 6 Utah 2d 110, 307 P.2d 212 (1957).

10. *State v. Allgood,* 28 Utah 2d 119, 499 P.2d 269 (1972); *State v. Mills,* 530 P.2d 1272 (Utah 1975); *State v. Danks,* 10 Utah 2d 162, 350 P.2d 146 (1960).

11. *State v. Canfield,* 18 Utah 2d 292, 422 P.2d 196 (1967).

12. *State v. Mattivi,* 39 Utah 334, 117 P. 31 (1911).

13. *State v. Laub,* supra; *State v. Garcia,* 11 Utah 2d 67, 355 P.2d 57 (1960).

identification of defendant by two eyewitnesses constitutes direct evidence from which other facts could be presumed. And, further, when evidence to support the presumption exists, the issue of the existence of the presumed fact must be submitted to the jury.[14] In *State v. Kazda*, supra, this court said that the jury can find not only facts shown directly by the evidence, but also such additional facts as may reasonably be inferred therefrom.[15]

The submitted evidence was substantial enough to allow the jury to evaluate it, determine the credibility of the witnesses, and fairly conclude that defendant was guilty of all material issues of fact beyond a reasonable doubt. The conclusions drawn therefrom are the prerogative of the jury and the evidence being found legally sufficient, this court finds no reason to reverse the jury's verdict.

The judgment is hereby affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

---

14. 76-1-503, U.C.A.1953 (1975 Pocket Supp.).

15. *State v. Kazda*, supra, 15 Utah 2d at p. 317, 392 P.2d 486.