**STATE of Utah, Plaintiff and Respondent,**

v.

**Henry E. MIDDELSTADT, Defendant and Appellant.**

**No. 14941.**

Supreme Court of Utah.

May 3, 1978.

Sumner J. Hatch, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Chief Justice:

This case is before this Court on an appeal from a conviction of contributing to the delinquency of a minor.

A sixteen-year old girl who was living in the defendant's home as a foster child, reported to her social worker that defendant had, a few days earlier, called her into his bedroom while he was reportedly home from work sick and engaged in sexual relations with her. The social worker removed the girl from the home and reported the incident to the police. The defendant was subsequently arrested, tried, and convicted by the court, sitting without a jury. He now appeals, claiming that the evidence was insufficient to sustain his conviction; and, further, that the testimony of the minor, alone, is not adequate to prove his guilt beyond a reasonable doubt.

The statute under which appellant was convicted is U.C.A., 1953, 55–10–80 which states as follows:

(1) Any person eighteen years of age or over who induces, aids, or encourages a child to violate any federal, state, or local law or municipal ordinance, or who tends to cause children to become or remain delinquent, or who aids, contributes to, or becomes responsible for the neglect or delinquency of any child;

(2) Any person eighteen years or over, having a child in his legal custody, or in his employment, who willfully abuses or ill-treats, neglects or abandons such child in any manner likely to cause the child unnecessary suffering or serious injury to his health or morals;

\*     \*     \*     \*     \*     \*

Any person who commits any act described above in this section, shall be guilty of a misdemeanor and shall be punished by imprisonment in the county jail not exceeding six months or by a fine not exceeding $299, or by both.

In cases where an adult is being tried in the juvenile court, that court must conform to practices and procedures provided for by law or rule of court in district court criminal proceedings.[1] Those procedures include a requirement that guilt must be proved beyond a reasonable doubt. However, this Court will not overturn the judgment of the trial court absent a showing of error, prejudice, or insufficient evidence. The test to be applied is that the evidence submitted must be so improbable so as to make it completely unbelievable such that the conviction could not possibly stand.[2]

Appellant has raised several assignments of error to support his claim that the evidence was insufficient. He claims that the testimony given by the minor was inconsistent in that she told the police the sexual contact occurred on the living room couch; but at the trial, she testified that it occurred in the bedroom. The testimony at trial went only to the incident in the bedroom. There was no mention of the couch in either the complaint under which appel-

---

1. U.C.A., 1953, 55–10–81.

2. *State v. Romero,* Utah, 554 P.2d 216 (1976).

lant was charged or during the trial itself. Appellant did not raise this discrepancy, if indeed it was such, at trial and cannot be permitted to raise it for the first time on appeal.

Another point raised by appellant was that the complaining witness could not pinpoint the exact day of the incident, but this is insignificant. The complaint stated that the incident occurred "on or about June 17, 1976" and the witness testified that it happened a day or so after Dave Balas, another foster child, had left the home and at a time when the appellant was home ill from work. Other testimony showed that Balas left the home on June 14th; that appellant reported sick on both June 14th and June 15th; and that the incident was reported to the social worker on June 21st. It is sufficient if the evidence shows that the crime occurred on a day that closely proximates the day alleged in the complaint.[3]

It is further claimed by appellant that the complaining witness was antagonistic towards him and was reacting with animosity to earlier discipline that had been administered by the appellant. This is not borne out by the record. There was nothing in the testimony of any of the witnesses that could substantiate a charge that the minor held any animosity towards the appellant. The trial court was in a better position to judge the demeanor of the complaining witness than is this Court, and the record gives no reason to justify an interference with the trial court's judgment.

For the appellant to prevail on a challenge of insufficiency of the evidence, it must appear that after viewing the evidence and the inferences to be made from that evidence in the light most favorable to the *verdict,* reasonable minds could not believe him to be guilty beyond a reasonable doubt.[4]

In this case, the complaining witness was consistent in her testimony as to what happened and explicit in describing both the details of the surrounding area and the actions of appellant. The social worker's testimony supported the testimony of the complaining witness both as to how the contact occurred and as to the approximate date of the crime.

The other witnesses who testified on behalf of the appellant were vague and unable to corroborate his story as to where he was on the day of the crime. It was admitted that he had been sick during June, but the witnesses were unable to recall the dates, nor could they show that he was *not* at home on the day of the crime. The time cards supplied by his place of employment indicated that he called in sick on June 14th and June 15th, well within the time frame indicated by the complaint and consistent with the complaining witness' testimony that the incident occurred a day or so after Dave Balas left, and that appellant was home sick that day and wearing only a bathrobe and shorts.

No objection was made as to the competency of the complaining witness nor was there a charge made that defendant did not receive a fair trial or competent representation. In *State v. Smith,*[5] this Court set out the test for determining the competency of a minor's testimony:

What is essential is that it appear that the child has sufficient intelligence and maturity that she is able to understand the questions put to her; that she has some knowledge of the subject under inquiry and the facts involved therein; that she is able to remember what happened; and that she has a sense of moral duty to tell the truth.[6]

The record indicates that the sixteen-year old witness was competent under

---

3. *Whitlock v. U. S.,* 429 F.2d 942 (10th Cir. 1970).

4. *State v. Mills,* Utah, 530 P.2d 1272 (1975).

5. 16 Utah 2d 374, 401 P.2d 445 (1965).

6. Id. at 377, 401 P.2d at 447. This case was similar to the instant case in that it involved an adult who was charged with taking indecent liberties with a child and claimed that the child's testimony was insufficient to prove guilt beyond a reasonable doubt.

the above standard, and there is nothing to support appellant's allegation that the evidence, when taken as a whole, is insufficient to support the judgment of the trial court.

Other claims that the evidence was insufficient are entirely without merit.

Appellant's second claim of error is that the testimony of the complaining witness, standing alone, is not sufficient to establish guilt beyond a reasonable doubt. In support of his contention, he relies on *State v. Taylor,*[7] which was a prosecution of an adult for contributing to the delinquency of a minor. In *Taylor,* this Court held that the testimony alone was not sufficient to convict the defendant. However, in that case we were speaking to the competency of the witnesses, not to a general rule governing testimony *per se,* and it can be distinguished from the instant matter. In *Taylor,* the witnesses were only six and seven years old. The children were unsworn and upon questioning by counsel, said they did not know right from wrong nor did they know the meaning of a lie. It was under these facts that we held that the testimony alone was insufficient to prove guilt since the witnesses could not meet the competency standard set out in *Smith, supra.* This situation is not appropriate to the complaining witness in the instant case.

It has long been held in this state that the credibility of the witnesses is for the trier of fact; and there is no rule governing how many witnesses are needed or that the testimony need be corroborated by other evidence before the trier of fact can decide how to determine the weight of the testimony.

We are unable to find any Utah precedent that has dealt squarely with the narrow issue of whether or not testimony of the complaining witness, standing alone, is insufficient to prove guilt beyond a reasonable doubt. Other jurisdictions, however, have addressed this problem.

In general, the common-law supports the contention that a conviction may be sustained upon the uncorroborated testimony of the victim,[8] and that such evidence is not insubstantial simply because the testimony is conflicting in some respects.[9] As to the quality of the testimony given, it is settled that it must be so improbable that it is completely unbelievable before it is insufficient to uphold a conviction.[10] We do not find that to be the case here.

These observations are valid and consistent with the law in Utah, and we hereby adopt them as expressions of our own state common law.

The claims of the appellant are without merit, and the judgment is hereby affirmed. No costs are awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

---

7. 21 Utah 2d 425, 446 P.2d 954 (1968).

8. *State v. Rasmussen,* 92 Idaho 731, 449 P.2d 837 (1969); *Morse v. State,* 438 P.2d 309 (Okl. Cr.1968); *Ballard v. Superior Court of San Diego City,* 64 Cal.2d 159, 49 Cal.Rptr. 302, 410 P.2d 838 (Cal.1966); *State v. Edison,* 191 Or. 588, 232 P.2d 73 (1951).

9. *State v. Money,* 110 Ariz. 18, 514 P.2d 1014 (1973).

10. *State v. Romero,* supra; *People v. Wall,* 88 Cal.App.2d 551, 199 P.2d 32 (1948).